## Enoch Trask *versus* William Patterson.

Brief statements cannot prevent the offering of testimony, pertinent under the general issue.

The omission, in a counter brief statement, to deny any allegation of the brief statement, cannot destroy or control the effect of testimony properly received under such counter brief statement.

Where A and the wife of B, are co-tenants of land, division deeds made by A and B, do not destroy the co-tenancy.

Declarations concerning a right of way, made by the parties prior to the passing of the division deeds, cannot affect the titles.

A husband may lawfully convey the freehold, which he takes by his marriage, in the lands of his wife.

A grantee obtains no right of way by necessity, except when his land is surrounded by, or is inaccessible except through the lands of his grantor.

Trespass for passing with teams across the land of the plaintiff.

The land had formerly been in co-tenancy between the plaintiff and the wife of the defendant. A division had been made by deeds between the plaintiff and defendant. The plaintiff had forbidden the defendant to pass upon his land, though he and others had passed there several years.

The defendant filed a brief statement that a right of way, over the portion of the land assigned to the plaintiff, was necessary to that assigned by the plaintiff's deed to him, and that, prior to and at the time of making that division, the plaintiff agreed there should be such right of way.

The plaintiff filed a counter brief statement, denying that such right of way was necessary for the defendant, or that the plaintiff had ever consented there should be such right of way.

Upon this point the evidence was, that certain persons were appointed to recommend how the division should be made, that their report was agreed to, and the division was made accordingly; except that they recommended a right of way, over the plaintiff's, part to the land which fell to the defendant's wife, but in the conveyances, no mention of such right of way was made.

It also appeared, that the land assigned to the defendant was bounded on two sides, by the land of Chase and of other persons. Testimony was received that the making of a road across Chase's land, would be expensive and cost as much as defendant's land was worth. Other witnesses differed greatly from that estimate. The Judge ruled that a right of way could not be implied from the foregoing facts.

Defendant filed a further brief statement, alleging his wife's interest in the land, and justifying as her agent.

Defendant filed a further brief statement, alleging a license from the plaintiff.

The Judge ruled that such license was not inferable from the evidence, but if relied upon, must be proved; and that if there had been such a license, it could be revoked, unless it formed the condition or some part of it upon which the division was made, and left it to the jury whether an express license had been proved; and if proved, whether it had been revoked.

The trial was before HOWARD, J.

Verdict was for plaintiff, and defendant excepted.

*Lowell*, for defendant. The interest of the wife in the whole land and the co-tenancy, still continued. The husband's deed could not convey it. He might then lawfully do the acts

complained of.    1 Kent's Com. 370; *Both* v. *Adams*, 11 Verm. 156; *Melvin* v. *Locks & Canals*, 16 Pick. 137; *Lithgow* v. *Kavenagh*, 9 Mass. 161; 1 Hilliard's Abridg. page 53; *Ib.* p. 447; *Ib.* 170 & 172; 2 *Ib.* p. 311; 4 Cruise's Digest, 70 & 71; Statutes, chap. 117, page 104, March 22d 1844; chap. 27, page 22, August 2d, 1847, and Aug. 10th, 1848.

SHEPLEY, C. J. — The plaintiff and the wife of the defendant were owners as tenants in common of a tract of meadow land containing about twelve acres.    The plaintiff owned three-fourths and the wife of the defendant, one-fourth.    Two persons were selected, who made an examination and proposals for a division of it; and the plaintiff and defendant executed deeds releasing each to the other the parts thus assigned.    Those appointed to assign the portions, stated to the plaintiff and defendant, that "whoever had the southwesterly quarter would be entitled to a road in the usual place of hauling off hay."

This declaration appears to have been made without calling out any remark from either, in reply to it.    No provision was made in the deeds of release for any passage or right of way. The southwesterly quarter was conveyed to the defendant. He subsequently passed over the land conveyed to the plaintiff, for the purpose of hauling the hay from his own land.

The plaintiff has commenced an action of trespass *quare clausum*, to recover damages.

1. The general issue was pleaded and joined.    The defendant filed a brief statement alleging among other matters, that the plaintiff and the wife of the defendant, were tenants in common of the premises described in the declaration.    The plaintiff filed a counter brief statement alleging, that the plaintiff and defendant never were tenants in common of the premises so described, but not denying, that he and the wife of the defendant, were tenants in common.

It is now insisted, that the tenancy in common was thereby admitted, and that the plaintiff cannot be permitted to disprove it by the deeds of release.

The rules applicable to special pleading can rarely be applied to brief statements and counter brief statements. One of the important purposes designed to be accomplished by allowing them to be used instead of pleas and replications, was to relieve the parties from that exactness of allegation and denial, by which parties were sometimes so entangled as to prevent a trial upon the merits.

The terms " brief statement," convey the idea of a short notice without formal or full statements of the matters relied upon. Such brief statements cannot prevent either party from offering testimony appropriate under the general issue. Nor can the omission of a denial in a counter brief statement of some matter alleged in the brief statement, control or destroy the effect of testimony properly received under it. Such brief statements appear to have been considered as amounting to little more than notices of special matter to be given in evidence under it. *Potter* v. *Titcomb*, 13 Maine, 26; S. C. 16 Maine, 423; *Brickett* v. *Davis*, 21 Pick. 404.

2. The deed of release executed by the husband cannot have the effect, it is said, to sever the tenancy in common, or to destroy the rights of the wife as a tenant in common.

The husband by his marriage became entitled to a freehold estate in the lands then owned by the wife, that estate he could lawfully convey. *Payne* v. *Parker*, 1 Fairf. 178. *Miller* v. *Shackelford*, 3 Dana, 289. By the release deed of the defendant, the plaintiff became entitled to the sole use and occupancy of the land therein described, during the life of the husband at least.

The statutes passed since that time, designed to preserve to married women their former rights of property, can have no effect upon the rights of these parties.

3. The defendant claims to be protected by a license. The declarations of those appointed to make partition cannot affect the title to the estate. Nor could the declarations of the owners, made before their conveyances and at variance with them. The remark of the presiding Judge, that an actual license could not be inferred but must be proved, appears to have been made

in answer to a position insisted upon by the counsel "that the defendant had a positive or express license to cross the plaintiff's meadow, and that such license might be inferred from the situation of the parties and the circumstances of the case, as proved at the trial." There does not appear to have been proof of any circumstances occurring since the division authorizing the inference, that the defendant entered by license.

4. It is further insisted, that the defendant had a right of way from necessity over the meadow of the plaintiff, for the purpose of hauling his hay.

Where one conveys to another a tract of land wholly surrounded by his own land, or inaccessible except through his own land, he has been considered as granting by implication a right of way to and from it. *Nichols* v. *Luce*, 24 Pick. 102. Where the land can be occupied without it, no implication can be made. *Allen* v. *Kincaid*, 2 Fairf. 155. That part of the meadow released to the defendant, was bounded on two sides by lands owned by others.

No implication of a grant of a right of way can arise from proof, that the land granted could not be conveniently occupied without it. Its foundation rests in a necessity for it, not in convenience.

5. A way is claimed by the dedication of the plaintiff. He appears to have separated his meadow from that owned by the defendant, by making a fence and ditch in the year 1842, and to have forbid the defendant's crossing his land in that year, and in the years 1845 and 1846. The defendant notwithstanding, appears to have removed some portion of the fence, and to have passed over the land of the plaintiff every year to haul his hay.

To infer from such testimony, that the plaintiff had made a dedication of a way for that purpose, would be to make use of acts designed to prevent such an appropriation of his land to authorize it. *Judgment on the verdict.*