THOMAS JACKSON, plaintiff in error, vs. NATHANIEL A. CARSWELL, defendant in error.

[1.] A motgage, in this State, is only a security for a debt. An instrument, properly executed, which clearly indicates the creation of a mortgage lien, specifies the debt intended to be secured and the property upon which it is to take effect, is a valid mortgage.

[2.] J promised to pay C and S, for professional services, "five hundred dollars each to be paid at the end of the litigation: Said amount to be equally divided between them." *Held*, a contract to pay to both but five hundred dollars; not five hundred dollars to each of them.

Motion for New Trial.   In Wilkinson Superior Court. Decided by Judge AUGUSTUS REESE.   April Term, 1866.

In a proceeding to foreclose the following instrument as a mortgage upon the land, the court decided that it was a mortgage; and the jury, by their verdict, found five hundred dollars, besides interest, due on it to Carswell alone, as his share of the fee:

" GEORGIA :

Rollin Stanley, Admr., vs. Thomas Jackson, Claimant. This certifies that I have employed N. A. Carswell and

James J. Scarborough to prosecute my claim to the land advertised by Rollin Stanley, Admr. of Benjamin Jackson; and, in consideration of their services as my council in said case, I do promise and agree to pay, give, and allow them five hundred dollars each to be paid, at the end of the litigation, out of the land : said amount to be equally divided between them ; and it is understood the payment and allowance herein contemplated, is to depend on the success of my cause.

Given under my hand, and sealed and delivered in presence of,—                    THOMAS JACKSON.

J. A. HUDSON.

C. O. DAVIS, J. P."

The defendant below (plaintiff in error) moved for a new trial, on the grounds,—

1. That the Court erred in deciding the instrument to be a mortgage.

2. That the verdict was contrary to law.

3. That it was contrary to the weight of evidence.

There was some parol evidence introduced by defendant, which, as far as it went, tended to show that the contract which gave rise to the instrument, was for five hundred dollars, as the whole fee to both counsel.

RIVERS, for plaintiff in error.

CARSWELL & OCKINGTON and CUMMING, for defendant.

WALKER, J.

Two questions are made in this record.  Is the instrument sued on a mortgage; and, if so, does it obligate the mortgagor to pay five hundred dollars each to Carswell and Scarborough ?

[1.] At common law, we apprehend, this paper would not be held to be a mortgage; at least, it lacks several stipulations

deemed necessary in a regular mortgage deed. But we have rejected much of the old common law on the subject of mortgages. In *Davis et. al. vs. Anderson et. al.*, 1 *Kelly Rep.* 176, this Court decided that "a mortgage in Georgia is nothing more than a *security* for the payment of a debt; and the title to the mortgaged property remains in the mortgagor until foreclosure and sale, in the manner pointed out by statute." The doctrine here laid down has been uniformly held by this Court, and incorporated in the Code. Sections 1956–7, say: "A mortgage in this State is only a security for a debt, and passes no title. No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect." We think this instrument contains all the necessary stipulations to create a mortgage lien, and that the Court below, on this point, decided correctly. Indeed, the counsel for plaintiff in error did not much insist on this ground.

The other question, upon the construction of the instrument, is one of more difficulty. "The construction which will uphold a contract in whole and in every part, is to be preferred; and the whole contract should be looked to in arriving at the construction of any part." *Code, sec.* 2721, *par.* 3.

[2.] How much money did the obligor promise to pay? It would seem that the decision of this question must turn upon the placing of a comma before or after the word "each." If this word is read in immediate connection with the preceding words, the promissor agrees to pay five hundred dollars "*each*" to Carswell and Scarborough; but, by inserting a comma *before* "each," and reading it in immediate connection with the succeeding words, thus, "each to be paid at the end of the litigatian," &c., the meaning would seem to be that five hundred dollars is the "amount" agreed to be paid *to both—not to each*. This reading will make the subsequent clause harmonize with what precedes it,—"*said amount* to be equally divided between them." There is but

one " amount" named in the cantract; that is, the five hundred dollars.  Can any other sum be referred to; if so, what is it?  *Said amount* is to be *divided between* the two obligees. Either this clause must be pretermitted, or the instrument binds the obligor to pay but five hundred dollars.  By holding that the sum of five hundred dollars was the " amount " to be paid, we uphold the contract in whole, and in every part; and we think this is the correct construction of this contract. Such being our construction of the contract, it follows that the verdict was " contrary to the weight of evidence;" and the Court below erred in refusing a new trial.

Judgment reversed.