FRANKLIN SAVINGS BANK *vs.* THOMAS MILLER *et als.*

A. and his wife gave to B. a mortgage deed purporting to convey realty. The realty belonged to the wife, but the mortgage deed signed by A. and his wife contained, on her part, only what purported to be a release of her dower, and was void as against the wife. Subsequently, A. and his wife gave a proper deed of mortgage of the same realty to C. This deed stated, "said premises are subject to a mortgage heretofore given" to B.

*Held,* that the statement in the second mortgage did not make the first a valid, equitable mortgage, either as against the wife or as against C.

*Held,* further, B. not being a party to the second mortgage, that the statement had no effect in B.'s favor as against the wife of C., or those claiming under her, or under the mortgage to C.

*Held,* further, that the first mortgage passed A.'s estate by marital right or by curtesy initiate.

BILL IN EQUITY to establish a mortgage and to foreclose. On demurrer to the bill.

*February* 24, 1891. DURFEE, C. J. It appears by the bill that October 28, A. D. 1870, Eliza Miller, then the wife of Thomas Miller, one of the defendants, was the owner in fee simple of a lot of land in the city of Providence, and that on that day said Thomas executed a deed purporting to convey said lot to the complainant, the Franklin Savings Bank, in fee by way of mortgage to secure the sum of $7,000 lent to him by the bank. The deed was signed by said Eliza, but on her part contained only what purported to be a release of her dower. November 22, A. D. 1870, said Thomas and Eliza mortgaged the same lot to Bennett W. Wheeler to secure a loan of $500. The deed was executed and acknowledged by both in due form to pass the estate of both. It contained at the end of the description of the lot conveyed the following clause: "Said premises are subject to a mortgage heretofore given to a savings bank in Pawtucket, R. I., to secure payment of the sum of $7,000." The bill shows by its averments that this can only mean the mortgage given to the complainant bank. The bill thereupon makes the following allegation, to wit: "And the plaintiff charges and claims that the execution of said mortgage by Miller and wife to Wheeler was a ratification and recognition of the $7,000 mortgage made less than a month prior to it by Thomas Miller to this plaintiff, and constituted it an equitable

prior mortgage on said real estate, and entitled to be first satisfied and paid before Wheeler or any person or persons, corporation or corporations, claiming under or subsequent to him could or should be paid out of said estate." To so much of the bill as makes this charge and claim, Thomas Miller and Eliza Jane Miller, a daughter of said Thomas and his said wife, and the sole heir of his said wife, who is now deceased, said Eliza Jane being also a purchaser of the estate at a mortgagee's sale under a power in the second mortgage, and one of the defendants, demur.

The bill is not framed with a view to relief on the ground that the first mortgage deed, considered as a conveyance, was effectual either to convey or to charge in any way Eliza Miller's estate in the land therein described. So considered it was as to her estate a nullity. *Kerns* v. *Peeler*, 4 Jones, N. Car. 226; *Percell* v. *Goshorn & Wife*, 17 Ohio, 105; *Bruce* v. *Wood*, 1 Metc. 542; *Warner* v. *Peck*, 11 R. I. 431. There are cases which maintain that, under some circumstances, a married woman may become subject to estoppel *in pais*, if she knowingly permits another person to sell and convey her property as his own. *Drake & Wife* v. *Glover*, 30 Ala. 382; *Carpenter* v. *Carpenter & Wife*, 25 N. J. Eq. 194; *Crayton* v. *Munger*, 9 Texas, 285; *Galbraith* v. *Lunsford*, 87 Tenn. 89; 1 Lawyer's Reports Annotated, 522. But see *Pierce* v. *Chace*, 108 Mass. 254, 258. The bill here does not set up such estoppel. The claim for the complainant is that the Wheeler mortgage, by reason of the statement or recital therein, had the effect of making the complainant an equitable mortgagee prior in right to Wheeler and those claiming under him through the Wheeler mortgage. The complainant's counsel cites *Westerly Savings Bank* v. *Stillman Manufacturing Co.* 16 R. I. 497; *Gale's Executors* v. *Morris*, 29 N. J. Eq. 222, 227; *Chase* v. *Peck*, 21 N. Y. 581; *Whiting* v. *Eichelberger*, 16 Iowa, 422, and *Mobile & C. P. R. R. Co.* v. *Talman*, 15 Ala. 472. The doctrine of these cases is, that an instrument or contract which is ineffectual at law, from some defect of form or execution, to create a mortgage or charge on property, may nevertheless have that effect as between the parties in equity, if such was the intent, and that when this is so, a subsequent grantee or mortgagee, who takes with notice of the

equity, will be bound by it. Under these decisions, if the first mortgage, though void at law as against Mrs. Miller, had been valid as a mortgage in equity as against her, it would likewise, by force of the notice given in the Wheeler mortgage by the statement or recital therein, be valid against Wheeler and against all persons claiming under him or under said mortgage. The first mortgage, however, was void as against Mrs. Miller in equity as well as at law, and the cases, therefore, are not in point as to her or to any person claiming her estate under her. The counsel also cites *Gilson* v. *Gilson*, 2 Allen, 115; *Jackson* v. *Carswell*, 34 Ga. 279. In these cases certain instruments were held to be good mortgages at law, notwithstanding peculiarities. He also cites *De Leon* v. *Higuera*, 15 Cal. 483, and *Smith Company* v. *McGuinness*, 14 R. I. 59. In the first of said cases it was held that a purchaser with notice of a prior mortgage could not take advantage of a defect in the registry thereof. In the second it was held that an irrevocable power of attorney, given by husband and wife, to collect the rents of their real estate, as security for money lent, amounted in equity to a mortgage of the rents as against both husband and wife; the deed conferring the power having been acknowledged by her privily and apart from her husband. The power was given May 2, A. D. 1881, after married women had been empowered by statute to enter into covenants and agreements relating to their real estate. Gen. Stat. R. I. cap. 152, §§ 4, 7, 8. We do not see that any one of the cases cited supports the complainant's claim.

The statement in the Wheeler mortgage does not purport to be anything more than a statement, and, the complainant being no party to the deed, we do not see how it could have operated as more in its favor, when originally given, either against Wheeler or against Mrs. Miller, or how it can now operate in any other way against any other person claiming her estate under her or under the Wheeler mortgage. The statement, regarding it as notice only, is not nugatory or without meaning, for the first mortgage deed was made October 28, 1870, when Thomas Miller had an estate by marital right, if not by curtesy initiate, in his wife's realty, which, however precarious it was under the statute, would pass to the mortgagee by said deed. *Martin & Goff* v. *Pepall*, 6 R. I. 92;

*Robertson* v. *Norris*, 11 Q. B. 916 ; *Trask* v. *Patterson*, 29 Me. 499; 2 Kent Comment. *133, and notes.

              *Demurrer sustained.*

 *William H. Clapp,* for complainant.

 *Edward D. Bassett, Charles H. Page, Franklin P. Owen &* *Richard B. Comstock,* for respondents.