# Carroll *et al.* v. Kelly.

*Bill in Equity by Legatee to enforce a Lien on Property in the Hands of Executor.*

1. *Contract between legatees; when creates equitable lien on property of testator in hands of executor.*—An agreement whereby a legatee under a will purchases the interest of another legatee under the same will, and the purchasing legatee agrees that if he does not pay the purchase price by a designated date, the executor shall pay the same out of the property or proceeds of property to which he was entitled to under the will, and shall pay the same before paying such legatee any sum due him, creates an equitable lien in favor of the vendor legatee upon the personal property or its proceeds to which the purchaser was entitled under the will, but not to the real estate; and for the enforcement of such lien he can maintain a bill in equity.

2. *Same; same; executor proper party to a bill to create the lien.*—To a bill to enforce such a lien the executor of the will is a proper party.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on January 20th, 1894, by the appellee, Sarah E. Kelly, against the appellants. The bill averred that John T. Perry died in Butler county on June 24th, 1887, leaving a last will and testament, in which the complainant was a devisee and legatee, and that under this will J. C. Richardson, who was named as one of the executors, qualified as executor, and at the time of the filing of the bill was administering the estate in such capacity, never having made final settlement, and not having been discharged; that as an heir of said Perry, the complainant was proceeding to contest the will of said Perry and a codicil thereto, when a compromise was effected and the following contract and agreement was made between J. M. Carroll, who was one of the devisees and legatees under the said will:

[Carroll *et al.* v. Kelly.]

"Know all men by these presents, that I, J. M. Carroll, of this county of Butler, and State of Alabama, for and in consideration that I am indebted to Sarah E. Kelly in the sum of one thousand, five hundred and fifty dollars for her transfer and conveyance this day made to me by said Kelly of her interest and claims under the will of J. T. Perry, as shown by said conveyance on record in the probate office in Butler county, Alabama, I do hereby promise to pay to said Sarah E. Kelly the sum of five hundred dollars of the said fifteen hundred and fifty on or before the first day of August, 1887. And I do hereby promise to pay to the said Sarah E. Kelly, the sum of five hundred dollars of said sum of fifteen hundred and fifty dollars on the 1st day of September, 1887; and I do hereby promise to pay to the said Sarah E. Kelly the sum of five hundred and fifty dollars on the 1st day of November, 1887; the said last named sum ($550) being the balance and remainder of said sum of fifteen hundred and fifty dollars herein acknowledged by me to be due to said Sarah E. Kelly. And to the security of the payment of the indebtedness above evidenced, I hereby direct, empower and authorize the executor of the will and estate of J. T. Perry to pay to the said Sarah E. Kelly said sum of fifteen hundred and fifty dollars; if not paid by me before, the executor is authorized by law to pay the same out of the property or proceeds of property to which I am or may be entitled by and under the will of J. T. Perry and the codicil thereto attached. And I hereby agree that the executor of the estate of J. T. Perry shall pay such sum aforesaid to said Sarah E. Kelly before any sum due J. M. Carroll under the will shall be paid to him, or surrendered to him." This agreement was duly signed in the presence of attesting witnesses.

It was further averred in the bill, that by said instrument executed by Carroll, an equitable mortgage was created in favor of oratrix, on all money or monies and effects in the hands of the said executor, or that may come into his hands, out of the proceeds of property belonging to said estate, to which the said Carroll would entitled; that to the best of complainant's information and belief, there was in the hands of J. C. Richardson, as executor of said estate, monies and effects, or personal property that may be converted into money, coming

[Carroll *et al.* v. Kelly.]

to the said Carroll sufficient to pay the amount due ora-
trix by virtue of said agreement, or a part thereof.

The bill further averred that by virtue of said agree-
ment, the said J. M. Carroll also pledged any and all
other property coming to him under the will of the said
J. T. Perry, as security for the payment of said fifteen
hundred and fifty dollars; that under said will there are
two store-houses and lots in the city of Greenville, But-
ler county, Alabama, devised to J. M. Carroll; that by
the terms of said agreement, said store-houses and lots
are pledged as security for the payment of said fifteen
hundred and fifty dollars, and thereby an equitable
mortgage on said store-houses and lots is created; and
that J. M. Carroll is now in the actual occupancy and
possession of the said store-houses and lots.

J. M. Carroll and J. C. Richardson, as executors of
the last will and testament of J. T. Perry, and others
claiming interest in the lands of the estate, were made re-
spondents to the bill.

The prayer for relief was as follows: "1. That
upon the final hearing of this cause, the said written
contract of agreement executed by J. M. Carroll to your
oratrix, whereby J. M. Carroll obligated himself to pay
to your oratrix the sum of fifteen hundred and fifty dol-
lars, be held and declared an equitable mortgage on all
the money, property or effects now in the hands of J.
C. Richardson, as the executor of J. T. Perry, deceased,
or that may hereafter come into his hands, belonging
to J. M. Carroll, under and by virtue of said will.

"2. That the said Richardson be required to pay
over all said money and deliver said property into the
hands of the register of this court to the amount of said
debt, interest and cost, or if the answer of said Richard-
son shall disclose that he holds personal property com-
ing to said Carroll under said will, then in that event,
that he be required to deliver such property into the hands
of said register to be disposed of by this court.

"3. That in the event that the money and personal
property thus ascertained to be in the hands of the said
executor coming to the said Carroll under the said will,
shall be found insufficient to pay and satisfy said debt,
costs and charges, then oratrix prays that said contract
or agreement by which said Carroll obligated himself to
pay oratrix the said sum of fifteen hundred and fifty

[Carroll *et al.* v. Kelly.]

dollars, be held and declared a mortgage lien on the said two store-houses and lots'," &c.

J. M. Carroll and J. C. Richardson, as executor of J. T. Perry, filed separate demurrers to said bill, which were, in effect, based upon the same grounds. These demurrers, which were filed by each of said parties to the whole bill, were as follows: "(1.) That the said bill doth not contain any matter of equity wherein this court can grant any decree, or give to the complainant any relief against this respondent. (2.) That it appears by said bill, that the same is exhibited against these respondents, and several other persons therein named as respondents thereto, for distinct matters and causes, in several whereof, as appears by said bill, these respondents are not in any manner interested or concerned, and that the said bill is altogether multifarious. (3.) That the complainant hath a plain and adequate remedy at law." Each of these respondents demurred to so much of the bill as sought to have the alleged claim by the complainant against Carroll declared as an equitable mortgage or other lien upon the property bequeathed to J. M. Carroll by J. T. Perry, upon the following ground: "That it plainly appears from the facts stated and contained in said bill, and the exhibits thereto, that the complainant hath no lien or equitable mortgage on any of the property bequeathed or devised to J. M. Carroll by the last will and testament, and the codicil thereto of J. T. Perry." The respondents also moved to dismiss the bill for the want of equity.

Upon the submission of the cause upon the motion to dismiss and upon the demurrers, the chancellor rendered a decree overruling each of them. From this decree the respondent J. C. Richardson, as executor, and J. M. Carroll appeal, and assign the same as error.

J. C. RICHARDSON and C. E. HAMILTON, for appellant. The agreement of J. M. Carroll with appellee does not create in favor of appellee an equitable mortgage upon the property to which J. M. Carroll is entitled under the will of the late J. T. Perry.—*Price v. Price*, 23 Ala. 611; *Johnson v. Glasscock*, 2 Ala. 522; *Matthews v. Sands*, 29 Ala. 140; *Miller v. Jones*, 29 Ala. 174; *Huffman's Case*, 30 Ala. 532; *Thomason v. Dill*, 34 Ala. 177; *Wash-*

*ington v. Stewart*, 3 How. (U. S.) 426; *Malone v. Carroll*, 33 Ala. 191; *Bryant v. Boothe*, 35 Ala. 269.

2. This proposition was held to be true by this court in its determination of the appeal of appellee, Sarah E. Kelly against the appellant, J. C. Richardson, as the executor of J. T. Perry, deceased.—*Kelly v. Richardson*, 100 Ala. 584. See also *Wilkes v. Davies*, 8 Wash. 112; *Hawley v. Smith*, 45 Ind. 183; *Bowen v. Hastings*, 47 Wis. 232; *Ranney v. Higby*, 12 Wis. 61–64; *Cole v. Clarke*, 3 Wis. 323; *Brown v. Critchell*, 110 Ind. 31; *Clay v. Deskins*, 63 Fed. Rep. 330; *Dugan v. Hollis*, 13 Md. 162.

J. M. WHITEHEAD, *contra.*—The contract involved in this case is clearly an equitable mortgage, as defined in *Newlin, Fernley & Co. v. McAfee*, 64 Ala. 364; *Donald & Co. v. Hewitt*, 33 Ala. 534; *Evington v. Smith Bros.*, 66 Ala. 398; *Butts v. Broughton*, 72 Ala. 294; *Warren v. Wagner*, 75 Ala. 194; *Hall v. Railway Co.*, 58 Ala. 10; *Knox v. Wilson*, 77 Ala. 309; *Ala. State Bank v. Barnes*, 82 Ala. 607; 1 Jones on Mortgages, 166, 167, § 10.

HEAD, J.—In equity, the agreement between appellant, Carroll, and appellee, Sarah E. Kelly, (complainant below), of July 27, 1887, created in favor of appellee, a charge or lien upon the personal property, or its proceeds, to which said Carroll was or might be entitled, by and under the will of J. T. Perry and the codicil thereto attached; and it was the duty of Richardson, the executor of Perry, being notified of the agreement, to pay to said Kelly any money which might accrue in his hands, in the regular administration of his trust, which, but for the agreement, would have been properly payable by him to Carroll, until the amount of Carroll's indebtedness evidenced by the agreement should be satisfied.—*M. & C. R. R. Co. v. Talman*, 15 Ala. 472; *Donald v. Hewitt*, 33 Ala. 534; *Hall v. M. & M. R'y. Co.*, 58 Ala. 10; *Newlin v. McAfee*, 64 Ala. 357; *Evington v. Smith*, 66 Ala. 398; *Butts v. Broughton*, 72 Ala. 294; *Curry v. Shelby*, 90 Ala. 277; *Christmas v. Russell*, 14 Wall. 84; *Trist v. Child*, 21 Wall. 447; 3 Pom. Eq., §§ 1235, 1237, 1280; *Ex parte Wells*, 1 Ves. 162; *Jackson v. Green*, 4 Johns. 186; *Smith v. Patton*, 12 W. Va. 541; *Smith Co. v. McGuinness*, 14 R. I. 59; *Stew-*

*art v. Hutchings*, 6 Hill 143 ; *Jackson v. Carswell*, 34 Ga. 279 ; *Lynch v. Utica Ins. Co.*, 18 Wend. 236.

When this contract was formerly before us, in *Kelly v. Richardson, Extr.*, 100 Ala. 584, we did not determine, as counsel now suppose, that the contract did not create such a lien. We expressly recognized that the agreement was efficacious, by holding that it authorized the executor to pay the secured indebtedness, from any moneys in his hands going to Carroll. This resulted, not from a mere license or power which the executor might or might not exercise, at his pleasure, but from the *agreement* between Mrs. Kelly and Carroll, of which he was notified. Indeed, there was, in the case, no formal request or license of Carroll to the executor to pay the money ; and if the agreement created no enforceable duty or obligation on his part, to pay it, he had no authority whatever in the premises ; and in case of payment, he could not have protected himself against the demands of Carroll for an accounting for the funds, by any mere license authorizing him to make the payment, because, as we have said, no such license was given. Apart from the legal implication arising out of the binding force of the agreement, he was never requested by Carroll to pay Mrs. Kelly anything. The only other construction we gave the agreement, in the case *supra*, was that it conferred upon the executor no duty, obligation, or authority "to convert the property, personal or real, specifically bequeathed or devised to Carroll, into money for the purpose of paying the latter's contract debt to Mrs. Kelly, or into any property so bequeathed or devised to Mrs. Kelly in specie." Our affirmance of the decretal order of the chancellor, in that case, ordering the real estate devised by the will of Perry to certain infant devisees to be delivered to the guardians of such infants, can have no possible influence here.

The case then is simply this : Mrs. Kelly, the complainant, has a lien or equitable mortgage upon the personal property, money and effects derived by Carroll through the will of Perry, in the possession of Richardson, the executor of Perry. Mrs. Kelly filed her bill, with all necessary averments, to enforce this lien. No complaint is made of any misapplication of assets by the executor, and no relief is sought against him, except as to the property or money going to Carroll, yet in his

[Carroll *et al.* v. Kelly.]

possession. He is necessarily made a party because he is holder (so far as the facts alleged show) of the legal title to, and has possession of, the personalty sought to be charged. The bill is in no sense multifarious. We see nothing in the bill to show that the executor had any property in, or control of, the real estate devised to Carroll, or that the agreement creating the lien in favor of Mrs. Kelly, had any reference to such real estate. By law he could have no interest in or control of it, except in the assertion of his statutory privilege to take possession and administer it for the benefit of creditors; and it does not appear that he had, even, asserted that right. Upon the facts disclosed by the bill, we must hold that the lien did not extend to the real estate, and that the same is enforceable in this case only against the money and personalty going to Carroll, in the hands of the executor.

We presume it is not seriously contended that a lien-holder will not be permitted to enforce his security in equity, upon the idea that he has an adequate remedy at law by the pursuit of his ordinary personal remedies against the debtor.

Affirmed.