(130 So. 64)

### WALKER et al. v. FERGUSON.
#### 8 Div. 139.

Supreme Court of Alabama.
June 14, 1930.

Rehearing Denied Oct. 9, 1930.

S. A. Lynne, of Decatur, for appellants.

Tennis Tidwell and Eyster & Eyster, all of Decatur, for appellee.

BOULDIN, J.

The suit is by a tenant to enjoin the landlord and his vendee, pending the tenancy, from interfering with the possession and use of the property by the tenant, and from injuring and destroying the business of the tenant conducted in the rented building.

The controlling issue of fact in the case is whether complainant's term of rental had expired at the time of the attempted re-entry and eviction by respondents.

■ Equity will not lend itself to the protection of an unlawful possession. If abuse of the right of re-entry be relied upon, complainant is subject to the general maxim that

he who seeks equity must come with clean hands.

The chief issue of fact determinative of the term of the lease turns on the terms of the understanding when complainant first rented the property in the summer of 1927.

Her contention is that she then rented the property by way of experiment in the conduct of a boarding house and café or lunch stand at that point, close to the railroad shops in South Decatur, and that the term of rental was until October 1, 1927, when new state and county license would be required; that this was renewed for the year, October 1, 1927, to September 30, 1928, and again from October 1, 1928, to September 30, 1929.

Respondent Walker, the landlord, claims the original rental was to January 1, 1928, and the renewal only to January 1, 1929, at which time possession was demanded, and, being refused, the entry complained of occurred about January 21, 1929.

Upon consideration of the evidence, including that touching subsequent occurrences shedding light on this inquiry, we see no good reason to disagree with the trial judge in finding for the complainant.

■ With this premise, the conclusion that the lease was renewed for the year beginning October 1, 1928, may easily be rested upon either an express or implied agreement. The unquestioned receipt of rents for October, November, and December, 1928, is evidence of an election to treat the lease as renewed.

The evidence touching the words and acts of both parties preceding and subsequent to a sale of the property has been duly considered, and we reach the conclusion that Mrs. Ferguson was, up to the time of the conveyance of the property to respondent Wooten, given to understand she should have the place another year.

Without question respondent Wooten, with Walker's assistance, entered, with strong hand, into a scrambling possession with complainant, and over her protest disconnected the water supply, overturned the counters, tore down and displaced furniture, and thus interfered with the occupancy of the premises as a home, and with the business of keeping roomers, furnishing meals, and selling bottle drinks.

■ Subject to general principles of equity jurisdiction, the court will enjoin interference with a tenant's possession by the landlord or any one claiming under him. 36 C. J. p. 71, note 77; 1 High on Injunctions, § 431; Brauns v. Glesige, 130 Ind. 167, 29 N. E. 1061.

■ The right to conduct a lawful business is a property right, which will be protected, if need be, by injunction. Hardie-Tynes Mfg.

Co. v. Cruise, 189 Ala. 66, 66 So. 657; Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823; Bowen v. Morris, 219 Ala. 689, 123 So. 222.

■ For the invasion of complainant's possession, and the interruption, injury to, and threatened destruction of her business, the remedy by injunction was decidedly more adequate and complete than any remedy at law. The remedy at law was not full and complete, therefore inadequate.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.