146 So. 805

## MONTANA v. ALABAMA FISHERMEN'S & HUNTERS' ASS'N.

### 6 Div. 175.

Supreme Court of Alabama.
March 16, 1933.

304

Locke & Creel and J. Lloyd Davis, all of Birmingham, for appellant.

W. K. Terry and C. H. Peay, both of Birmingham, for appellee.

BROWN, Justice (after stating the case).

The appellee's contention is that section 8814 of the Code of 1923 gives it a lien on the house, which, under the terms of the

lease, is personal property, and that section 8935 of the Code confers jurisdiction on the court of equity to enforce such liens.

If the complainant has a lien on the house, whether it is conferred by the statute, the common law, or springs from the contract, it is well settled that it may be enforced in equity. Code 1923, § 8935; Enslen, Adm'x, v. Wheeler, Admr., 98 Ala. 200, 13 So. 473; Johnston et al. v. Bates, 209 Ala. 16, 95 So. 375; Griffith et al. v. First Nat. Bank of Guntersville, 221 Ala. 311, 128 So. 595; Leader v. Romano, 208 Ala. 635, 95 So. 7.

It is too clear to permit of argument that this case does not fall within the influence of section 8814 of the Code, which provides: "The landlord of any storehouse, dwelling house, or *other building*, shall have a lien on the goods, furniture and effects belonging to the tenant," etc. The complainant was not the landlord of the building, and received only ground rent for which the statute does not confer a lien, unless it be farm lands. Code, § 8799; Garrison v. Webb et al., 107 Ala. 499, 18 So. 297.

■ Nor does the common law give a landlord a lien for rent. 16 R. C. L. p. 975, § 487; Morgan v. Campbell, 2 Wall. 381, 22 L. Ed. 796.

■ While it is well settled that the owner of property, of which he is in possession, by manifest intention and agreement, may charge such property with the payment of a debt, and a court of equity will enforce such dedication as a lien, yet it must clearly appear that the parties intended that the property should stand as security for the particular debt. Carroll v. Kelly, 111 Ala. 661, 20 So. 456; Kelly v. Richardson, Ex'r, etc., 100 Ala. 584, 13 So. 785; Alabama State Bank v. Barnes, 82 Ala. 607, 2 So. 349; Newlin, Fernley & Co. v. McAfee, 64 Ala. 364; 17 R. C. L. p. 604, § 13.

■ There is nothing in the lease involved in this case that manifests the intention of the parties to charge the house as security for the rent. On the contrary, the lease authorizes the lessee to remove the property, if the lease is canceled for cause within ninety days, and provides "if not so removed in ninety days, the lessor may sell the same *and pay proceeds to lessee*, less the expense of sale removal." (Italics supplied.) This clearly negatives any intention of charging the house with payment of the rent, or other charges, other than cost of sale and removal, and no such cost has been incurred in this case.

■ Ordinarily, a court of equity will not assume jurisdiction to enforce a forfeiture, and, in the absence of a showing that the complainant will suffer irreparable injury, will leave the parties to their remedy at law. 16 R. C. L. p. 1119, § 638.

Our judgment is that there is no equity in the bill and the final decree in favor of the complainant will be reversed, the demurrer for want of equity sustained, and the bill dismissed.

■ The cross-bill does not seek relief against a forfeiture, but denies that there has been a forfeiture, and seeks to have the court so declare. It is also without equity. 16 R. C. L. p. 1151, § 671; note 69 L. R. A. 835. The decree, in so far as it dismisses the cross-bill, will, therefore, be affirmed.

The costs of this appeal are taxed in equal parts against the appellant and appellee, and all costs accruing in the circuit court are taxed against the appellee—the complainant.

Affirmed in part, and in part reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.