Robert F. DALLAS, Plaintiff–Appellant,

v.

S.A.G., INC., d/b/a The Toy Store, Defendant–Appellee.

In re S.A.G., INC., d/b/a The Toy Store, William N. Owen, Plaintiffs–Appellants.

v.

Rufus C. BROCK, et al., Defendants–Appellees.

No. 86–7392
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Feb. 2, 1988.

Leon F. Stamp, Jr., Mobile, Ala., for plaintiff-appellant.

Samuel M. McMillan, Mobile, Ala., for William N. Owen.

Robert H. Allen, Mobile, Ala., for Brock.

Before RONEY, Chief Judge, and HILL and KRAVITCH, Circuit Judges.

HILL, Circuit Judge:

This case involves two separate claims in the United States Bankruptcy Court for the Southern District of Alabama for relief from the automatic stay imposed by 11 U.S.C. § 362. The bankruptcy court denied relief from the stay in both actions, and the district court affirmed.[1] Because we find that the bankruptcy court inappropriately placed the burden of proof on the claimants, and inaccurately applied the law of Alabama, we reverse the decision of the district court and remand the case for further proceedings.

## I FACTS

The debtor, S.A.G., Inc. d/b/a The Toy Store, filed a petition under Chapter 11 of the Bankruptcy Code on January 29, 1981 in the United State Bankruptcy Court for the Southern District of Alabama. At that time, The Toy Store was a tenant of appellant, William N. Owen. The lease agreement between the Toy Store and Owen contained a provision granting Owen a lien on the tenant's property in order to secure payment of the rent and other charges.[2]

On July 29, 1983, the debtor executed a promissory note in favor of appellant, Robert F. Dallas. In order to secure payment of the note, the debtor and Dallas executed a security agreement which provided Dallas with a security interest in the debtor's inventory and any proceeds derived therefrom. The security interest was perfected by the filing of a financing statement with the Secretary of State of Alabama.

On April 13, 1984, the debtor's Chapter 11 plan was converted to a Chapter 7 liquidation under 11 U.S.C. § 348. Following the conversion, on June 25, 1984, Dallas filed a motion seeking relief from the automatic stay imposed by 11 U.S.C. § 362 in order to foreclose on his alleged security interest. The following day, Owen instituted an adversary proceeding to lift the automatic stay and to determine the validity of his lien on the debtor's property. In addition, Owen named Dallas as a defendant in his proceeding. Dallas' motion and Owen's proceeding were treated as distinct actions in the bankruptcy court.

The bankruptcy court denied Dallas' motion, holding that he had failed to prove that the corporate debtor had approved of the grant of a security interest in "substantially all" of the corporation's assets as required by Ala.Code § 10–2A–160 (1975). A different bankruptcy judge held that Owen was not entitled to relief because his lien was a statutory lien, under Ala.Code § 35–9–60 (1975), that was avoidable under the trustee's avoidance powers. The judge also entered a default judgment against Dallas in Owen's proceeding, because Dallas did not appear.

Dallas and Owen appealed the decisions to the District Court for the Southern District of Alabama, where the cases were consolidated for purposes of the appeal. The district court affirmed, finding that Dallas had failed to meet his burden of proof under Ala.Code § 10–2A–160, and that Owen possessed merely an avoidable statutory lien rather than a contractual lien. Dallas and Owen appealed.

## II DISCUSSION

### A. Dallas v. S.A.G., Inc.

■ Under Ala.Code § 10–2A–160, an Alabama corporation may not pledge or dispose of "all or substantially all" of the corporation's assets without an authorization from its board of directors. In evaluating Dallas' motion for relief, the bankruptcy court assigned Dallas the burden of proving that the requirements of section 10–2A–160 were met. The court denied

---

1. The appeal in this court was held pending a decision in *Overhead Door Corp. v. Allstar Bldg. Products, Inc.*, 834 F.2d 898 (11th Cir.1987) (en banc), which decided questions that are central to this appeal.

2. Although the lease expired on May 31, 1981, the debtor remained subject to the terms of the lease as a holdover tenant. *See Walker v. Ferguson*, 221 Ala. 549, 130 So. 64 (1930). Thus, the lease agreement governed the relationship between Owen and the debtor at all times relevant to this appeal.

relief because Dallas failed to prove that not "all or substantially all" of the corporation's assets were included within his security interest, and because he failed to prove that the board of directors had authorized the security agreement.

Prior to the bankruptcy court's decision, this court had not resolved the question of who bears the burden of proof when section 10–2A–160 is raised in the bankruptcy context. In *Overhead Door Corp. v. Allstar Bldg. Products*, 834 F.2d 898 (11th Cir.1987) (en banc), which was decided during the pendency of this appeal, this court held that the burden of proof is on the trustee in bankruptcy, rather than on the party seeking relief from the automatic stay. Under 11 U.S.C. § 362(g), the moving party need only prove that the debtor lacks equity in the property in which the movant claims a perfected security interest. The party opposing the relief has the burden of proof on all other issues. Thus, if the trustee wishes to assert that the requirements of section 10–2A–160 were not met, it has the burden of proving its assertion.

In the present case, it is clear that the bankruptcy court's decision to deny relief resulted from an improper placement of the burden on Dallas. It is also clear that the district court, in affirming, relied on the proposition that the burden of proof rested with Dallas. The district court's decision affirming the denial of relief for Dallas is, therefore, reversed and the case is remanded for further proceedings consistent with this opinion.

### B. Owen v. S.A.G., Inc.

Owen's claim for relief from the automatic stay was based upon a provision in his lease agreement with the debtor which granted Owen "a lien on the goods, furniture and effects belonging to Tenant, for the rent payable hereunder...." The bankruptcy court held that Owen was not entitled to relief from the stay because his lien was a statutory lien under Ala.Code § 35–9–60 (1975), which was avoidable by the trustee under 11 U.S.C. § 545. The district court agreed. On appeal, Owen contends that he has a contractual lien that stems from the lease agreement, rather than a statutory lien.

Under Alabama law, the statutory lien provided by Ala.Code § 35–9–60 is read into and becomes a part of every lease as a matter of law. *In re Scruggs*, 205 F. 673, 675 (S.D.Ala.1913). Section 35–9–60 provides the landlord with "a lien on the goods, furniture and effects belonging to the tenant...." As the district court correctly noted, the Supreme Court of Alabama has held that a lease may provide a landlord with a contractual lien in addition to the statutory lien. *See Alabama Butane Gas Co v. Tarrant Land Corp.*, 244 Ala. 638, 15 So.2d 105 *reh'g denied*, 244 Ala. 646, 15 So.2d 111 (1943). In order to create a contractual landlord's lien, "it must clearly appear that the parties intended that the property should stand as security for the particular debt." *Montana v. Alabama Fishermen's & Hunters' Ass'n*, 226 Ala. 303, 146 So. 805, 807 (1933). Thus, the issue of whether a landlord has a contractual as well as a statutory lien is a matter of discovering the parties' intent.

Applying the law of Alabama in the present case, we conclude that the lease agreement provides Owen with a contractual lien. Section 35–9–60 provided Owen with a statutory lien regardless of whether the lease addressed the issue. The provisions in the lease regarding a lien did not serve to create or protect that statutory lien. Thus, if the provision in the lease did not serve to create a contractual lien, it served no purpose. Just as we frequently observe when interpreting statutes, we do not believe that the words in the lease were intended to have no meaning and to serve no purpose. If the words of the agreement are to be given any meaning, the lease must be read to express the parties' intention to create a contractual lien. Therefore, according to Alabama law, Owen has a contractual lien on the debtor's property. Because the district court affirmed the bankruptcy court's conclusion that Owen did not possess a contractual lien, the decision of the district court must be reversed and the matter remanded for further proceedings.

Owen's proceeding in the bankruptcy court also named Dallas as a defendant, and a default judgment was entered against Dallas in that case. The parties argue, and there is some indication in the record, that the district court vacated the default judgment. An appellate court, as the district court was acting in this case pursuant to 28 U.S.C. § 158, is not authorized to set aside a default judgment when the issue has not been raised in the court that entered the judgment. Thus, to the extent that the district court did, in fact, set the judgment aside, the decision is reversed. We note, however, that the parties may wish to raise the issue before the bankruptcy court. That may be necessary in order to bring all of the parties within the scope of one action, so that the relative priorities of Owen's and Dallas' interests may ultimately be resolved in one court.

### III  CONCLUSION

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings in the bankruptcy court consistent with this opinion.