MURDOCK, Judge.
 

 Conseco Finance Corp.-Alabama (formerly known as Green Tree Financial Corp.-Alabama) appeals from a judgment of the Russell Circuit Court against it and in favor of J.T. Attaway in the amount of $6,970 in satisfaction of Attaway’s alleged hen against a mobile home in which Conse-co claimed a security interest for lot rent and for damages associated with the removal of the mobile home from Attaway’s property.
 

 In July 2000, Conseco sued alleging that Conseco had been assigned the interest of Phil’s Mobile Service (“Phil’s”) in a “Manufactured Home Retail Installment Contract” (the “installment contract”) dated August 25, 1997, between Clarence R. Bailey, as buyer, and Phil’s, as seller. Conse-co contended that, pursuant to the installment contract, it had a security interest in a 1996 Fleetwood mobile home located on Attaway’s property, that Bailey had defaulted on his payment obligations under the installment contract, and that it was entitled to possession of the mobile home.
 
 [1]
 
 Conseco also contended that Attaway, who had leased Bailey the lot on which the mobile home was located, had possession of the mobile home and claimed that he was owed past-due lot rent dating back to 1997. Conseco alleged that it had not agreed to pay lot rent to Attaway, and it requested, in pertinent part, that the trial court enter a judgment awarding Conseco possession of the mobile home and “reasonable value for the wrongful detention or use of the mobile home.”
 

 Contemporaneously with the filing of its complaint, Conseco also filed a motion for a writ of seizure pursuant to Rule 64, Ala. R. Civ. P. In October 2000, after a hearing on Conseco’s Rule 64 motion, the trial court entered a consent order that, in pertinent part, authorized Conseco, upon posting bond, to repossess the mobile home. Conseco posted bond in February 2001 and sold the home to a third party in May 2001, at which time the mobile home was removed from Attaway’s property.
 

 A few days after the mobile home was removed from Attaway’s property, he filed counterclaims alleging, among other things, that Conseco had not removed the mobile home from his property for seven months after the court entered the October 2000 consent order and that Conseco had not paid him lot rent that had allegedly accrued from the date of the October
 
 *1232
 
 2000 consent order through the date that Conseco removed the mobile home in May 2001. Attaway further alleged that Conse-co had never perfected its security interest in the mobile home and that Conseco had not obtained a waiver from Attaway for lot rent that was allegedly due to be paid to him. Accordingly, Attaway contended that his claim for lot rent, including past-due lot rent back to 1997, was superior to Conse-co’s alleged security interest.
 

 A bench trial was held on Attaway’s counterclaims in November 2001.
 
 [2]
 
 At trial, Attaway testified that he had entered into a ground lease with Bailey in early 1997, that he had talked to Conseco before Bailey moved the mobile home onto his property, and that he had refused Conse-co’s request that he execute a release regarding Bailey’s rent obligation. Attaway also testified that Bailey had stopped paying the lot rent the ground lease required him to pay, that Attaway was owed $100 per month in past-due lot rent that had allegedly accrued between October 1997 and May 2001, and that he also was owed a $25 late fee for each month’s past-due lot rent. Attaway’s claim for lot rent and late fees totaled $5,875.
 

 Attaway testified that he had contacted Conseco on numerous occasions between October 1997 and May 2001 about Bailey’s failure to pay lot rent and that Conseco had repeatedly informed Attaway that it would remove the mobile home from his property and pay the past-due lot rent. Attaway also testified that he suffered $1,600 in losses due to damage to a waterline ($475) and to a power pole ($775) that allegedly occurred when the mobile home was removed from his property and for a water bill ($850) associated with the damaged waterline. After a bench trial, the trial court, without setting forth specific findings of fact, entered a judgment in favor of Attaway and against Conseco, and awarded Attaway damages of $6,970. Conseco appealed to this court.
 

 Conseco argues that Attaway did not have a lien against the mobile home for lot rent, and that even if he did, Conseco’s security interest had priority over any such lien.
 
 [3]
 
 We need not reach the latter issue.
 

 When ore tenus evidence is presented, the trial court’s findings of fact are presumed correct and the judgment based on its findings of fact will not be disturbed unless the judgment is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.
 
 See J & M Bail Bonding Co. v. Hayes,
 
 748 So.2d 198 (Ala.1999);
 
 Gaston v. Ames,
 
 514 So.2d 877 (Ala.1987). Also, when the trial court has entered a judgment without making specific findings of fact, the appellate court “will assume that the trial judge made those findings necessary to support the judgment.”
 
 Trans-america Commercial Fin. Corp. v. Am-
 
 
 *1233
 

 South Bank, N.A.,
 
 608 So.2d 375, 378 (Ala. 1992). However, a trial court’s conclusions on legal issues carry no presumption of correctness on appeal, and this court will review the application of the law to the facts de novo.
 
 See e.g., Allstate Ins. Co. v. Skelton,
 
 675 So.2d 377 (Ala.1996);
 
 Ex parte Cash,
 
 624 So.2d 576, 577 (Ala.1993).
 

 Attaway cites no authority, and we have found none, for the proposition that a landowner has either a statutory lien or a common-law lien for ground rent against a tenant’s property.
 
 [4]
 
 To the contrary, in
 
 Montana v. Alabama Fishermen’s & Hunters’ Ass’n,
 
 226 Ala. 303, 305, 146 So. 805, 806 (1933), our Supreme Court held that a landlord did not have a statutory lien for ground rent against a building that the tenant had constructed on the leased premises. While Alabama law provides for landlords’ liens for other purposes, none of those liens appear applicable to the facts of this case.
 
 See Faulk v. Green Tree Acceptance, Inc.,
 
 549 So.2d 80, 81 (Ala.1989) (towing and storage charges for an abandoned mobile home do not result in a statutory lien or a common-law possessory lien); Ala.Code 1975, § 35-9-30 (providing a landlord’s lien against a tenant’s crops grown on rented lands); Ala.Code 1975, § 35-9-60 (providing a landlord of a rented “storehouse, dwelling house, or other building” with a lien on a tenant’s “goods, furniture, and effects”). Accordingly, we conclude that that portion of the trial court’s judgment awarding Attaway damages in satisfaction of a purported lien for ground rent is due to be reversed.
 

 Conseco also argues that there was insufficient evidence to support Attawa/s claim that the damage that Attaway allegedly suffered when the mobile home was removed from his property was caused by Conseco.
 
 [5]
 
 Attaway testified, however, that at least one of Conseco’s employees was involved in removing the mobile home from Attaway’s property, and, based upon the record, the trial court could have concluded that the removal of the mobile home was carried out pursuant to the authority granted to Conseco by the October 2000 consent order. That portion of the trial court’s judgment awarding Attaway damages for his water bill and as compensation for the damage to his waterline and power pole is due to be affirmed.
 

 That portion of the trial court’s judgment awarding Attaway damages for his water bill and for the damage to his waterline and power pole is hereby affirmed. We reverse that portion of the trial court’s judgment awarding Attaway damages for lot rent, and we remand the cause for further proceedings.
 

 The Appellee’s request for the award of an attorney fee on appeal is denied.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
 

 [1]
 

 . In November 1999, Bailey stopped making payments to Conseco for the mobile home. He informed Conseco that he was vacating the mobile home and that Conseco should repossess it in January 2000. However, he apparently did not vacate the home until after February 2000.
 

 [2]
 

 . At trial, Conseco acknowledged that it had repossessed the mobile home and stated that Attaway’s claims for lot rent were the only remaining claims to be disposed of by the trial court.
 

 [3]
 

 . Attaway argues in his brief to this court that he and Conseco entered into an express, oral contract pursuant to which, he claims, Conse-co obligated itself to pay lot rent. In the alternative, Attaway has also argued that the trial court's judgment might be supported on
 
 úle.
 
 grounds of promissory estoppel, unjust enrichment, or trespass and nuisance.
 

 Attaway failed to include the aforementioned causes of action in his counterclaim, and he failed to file a motion to amend the pleadings. Based on our review of the record, and particularly the posttrial comments of the parties and the trial court regarding what issues were to be decided, we cannot conclude that the parties tried Attaway's un-pleaded causes of action by express or implied consent.
 
 See
 
 Rule 15(b), Ala. R. Civ. P.
 

 [4]
 

 . Further, there was no evidence indicating that Attaway obtained a lien by any agreement between him and either Bailey or Con-seco.
 

 [5]
 

 . Although the trial court did not specify the basis of its damages award, Attaway's claim for unpaid lot rent and late charges totaled only $5,375. It appears that the trial court awarded Attaway approximately $1,600 in damages associated with damage to the waterline and the power pole. However, we are unable to account for the $5 discrepancy between the $6,970 judgment award and the $6,975 claimed by Attaway.