68 SUPREME COURT [Vol.

[City of Anniston v. Court of County Commissioners, Calhoun Co.]

# City of Anniston *v*. Court of County Commissioners, Calhoun County.

## *Mandamus.*

### (Decided Feb. 9, 1909. 48 South. 605.)

*Statutes; Adoption; Code.*—An act approved after the adoption of the Code receives no validity because it is published in the Code, since the Code is not the printed volumes labelled "Code of Alabama," but is properly the manuscript as prepared by the Code Commissioner, revised by the Code Committee and adopted by the Legislature. The Acts of 1907, page 760, section 120, is invalid as previously declared by this court, and its appearing in the Code as published does not cure the invalidity.

APPEAL from Anniston City Court.

Heard before Hon. Thomas W. COLEMAN, JR.

Application for mandamus on behalf of the city of Anniston against the Court of County Commissioners of Calhoun County to require them to draw their warrant upon the county treasurer of Calhoun county for that part of the special road and bridge tax due the city of Anniston under section 120, Acts 1907, page 760. From an order denying the petition, petitioner appeals. Affirmed.

A. P. AGEE, for appellant. The petition was filed under section 335, Code 1907, originally section 120, of the Acts of 1907. Counsel refers to and quotes from the brief of appellants in the case of *State ex rel. City of Birmingham,* reported in this volume, and reference is here made thereto.

H. D. MCCARTY, for appellee. Codification does not cure the unconstitutionality of the statute which is adopted after the adoption of the Code by the legisla-

ture.—*Builders & P. S. Co. v. Lucas,* 119 Ala. 202. The
section is repugnant to sections 45 and 215, Constitu-
tion 1901.—40 Ala. 77; 52 Ala. 238; 106 Ala. 501; 124
Ala. 252; 128 Ala. 139; Ib. 335; 116 Ala. 454; 118 Ala.
1. Counsel cite a number of cases illustrating his con-
tention. He also considers and cites cases in support
of other matters raised by the assignment of errors, but
not discussed in the opinion.

MAYFIELD, J.—There is but one question involved
in this case, and that is: Is section 120 of the act ap-
proved August 13, 1907 (Acts 1907, p. 846), known as
the "Municipal Code Bill" valid? Was it constitu-
tionally enacted?

The act of which it is a part being passed and approv-
ed after the act adopting the Code, it appearing in the
Code as section 1335 thereof, does not impart any valid-
ity or invalidity to any part of the Municipal Code bill as
it was passed and approved: First, because the act
adopting the Municipal Code was a subsequent act to
the one adopting the Code of Alabama, which includes
a Political Code, a Civil Code, and a Criminal Code;
second, because the act adopting the Code of Alabama,
approved July 27, 1907 (Acts 1907, p. 499), expressly
provided that "no act passed on or after July 9, 1907,
shall be repealed or affected in any manner by the adop-
tion of the Code of Alabama," and, further, that all
acts passed at that session of the Legislature, of a gen-
eral nature, should be incorporated in the Code of Ala-
bama. While there was authority for printing the act
in the General Code, dividing it into sections and num-
bering them numerically with matter constituting the
Code of Alabama proper, it does not thereby form a
part of the Code law of this state, but is purely statutory

law, only compiled and arranged with the Code proper for convenience.   See preface to volume 1 (Political Code).

The Code of Alabama proper is not the three printed volumes bound and labeled "Code of Alabama."   The Code proper, as adopted by the Legislature, is in the manuscript prepared by the Code commissioner, and revised by the Code committee, and adopted by the Legislature.   The Code proper is only a part of the three printed volumes.   The other matter is either historical, constitutional, or statutory matter, together with annotations prepared by the commissioner, compiled and edited by the Code commission, printed, bound, and distributed, for convenience.   The reconstruction acts are in these printed volumes, and have been in every previous printed Code, since they were passed by Congress. The Declaration of Independence is in the printed volumes called the Code, and has been in the printed copies of every previous Code; but, of course, it is not a part of the Code proper.

The exact question involved in this case was necessarily involved in the case of *Birmingham v. Miller Treas'r infra,* 48 South. 496, in which the opinion was written by Justice Denson, which the writer of this opinion adopts as a clear, forceful, and correct exposition of all the questions involved on this appeal; and on the authority of that case the judgment of the trial court must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.