# Scheuing *v.* State *ex rel.* Attorney General.

## *Quo Warranto.*

(Decided May 28, 1912. 59 South. 160.)

1. *Elections; Contests.*—Contests of elections are wholly statutory, and without some statutory authority, do not exist.

2. *Same; Cause of Action; Contest; Public Office.*—Acts 1911, p. 195, amending section 470, Code 1907, terminates the contest for the office of sheriff before a judge of probate as authorized by section 474, although enacted pending the election contest for sheriff, notwithstanding the provisions of section 95, Constitution 1901, as a cause of action comes into existence when there is an invasion of a legal right without justification or sufficient excuse, while an action is a means of redress of the legal wrong described by the words "cause of action," and a "cause of action" within the section of the Constitution comprehends only causes of action, arising out of the violation of vested right, and does not include the right to a public office; a public office being a personal, public trust, created for the benefit of the state or county and having no element of property.

·3. *Constitutional Law; Vested Rights; Remedy.*—One has no vested right in a particular remedy, and the repeal of a statute providing a remedy determines the proceedings although pending, unless the statute provides otherwise.

4. *Same; Election Contest.*—Pending an election contest, the legislature may repeal the law authorizing it, and thus end the litigation unless prohibited by the Constitution, the right to contest an election not being in itself a vested right.

(Simpson, J., dissents.)

APPEAL from Cullman Circuit Court.

Heard before Hon. W. W. SPEAKE.

Quo warranto by the State on the relation of the Attorney General to test the right of C. C. Scheuing to occupy the office of sheriff. From a judgment for relator, respondent appeals. Affirmed.

GEORGE H. PARKER, F. E. ST. JOHN, and EYSTER & EYSTER, for appellant. The circuit court of Cullman county had no jurisdiction in the premises, as Scheuing's con-

test against Brice for the office of sheriff had begun before Judge Burke, Probate Judge, before the passage of the act amending section 471, Code 1907, and could not have a retroactive effect.—Section 95, Constitution 1901; *Brice v. Burke,* 55 South. 635; Secs. 5369, 5370, Code 1907. The contest was pending under sections 470 and 471, Code 1907, which expressed a limitation of fifteen days for the filing of contest after the result of the election was declared, and hence, the act referred to could not have the effect of repealing the limitations found in section 462, Code 1907. The constitution prohibits retroactive statutes.—*Lindsey v. U. S. S. & L. Assn.,* 120 Ala. 173; 48 S. E. 889; 52 S. E. 821; 65 S. W. 994; 79 N. W. 1018; 12 Am. Dec. 228; *Duke v. Ala. Wes. Ry. Co.,* 57 South. 724. The effect was to take away a cause of action, and a vested right which is not allowable.— *Reynolds v. Crook,* 95 Ala. 570, and authorities supra.

R. C. BRICKELL, Attorney General, and THOMAS H. SEAY, Assistant Attorney General, for the State. The right to contest the election is a creature of the statute, and may be taken away by the statute, or vesed in other tribunals, and the same would not be obnoxious to section 95, Constitution 1901, as it is not of vested right, nor the taking away of the cause of action.—Paine on Elections, sec. 793; 9 Kan. 569; Cooley on Const. Lim. p. 442; 2 Peters 492; 5 Cranch. 281; 36 N. J. L. 382; 50 Miss. 517. The contest is not a cause of action within the meaning of constitutional sections referred to, as the terms "causes of action" and "right of action" have been declared to be synonymous.—*Douglass v. Beasley,* 40 Ala. 142; 28 Barb. 230; 63 Pac. 126; 103 Tenn. 538; 105 Tenn. 610.

McCLELLAN, J.—Proceedings in the nature of quo warranto to test the right of the appellant to occupy

and exercise the functions of the office of sheriff of the county of Cullman. Bryce and Scheuing (appellant) were opposing candidates for sheriff in the general election of 1910. Bryce was given the certificate of election. Scheuing instituted his contest of the election before the judge of probate as was authorized in such cases by Code, § 471, and on October 21, 1911, the judge of probate declared the contestant the duly elected sheriff of Cullman county. Code, § 470, provided for the contest of the election of judges of probate in the circuit court, and established the method of procedure therefor.

Pending the contest instituted by Scheuing, and before any final adjudication upon the issues of fact thereupon, it was enacted, by an act approved April 5, 1911 (Acts 1911, p. 195), that section 470 should be amended so as to require the contest of an election of sheriff, among others, to be instituted and conducted to judgment in the circuit court of the county wherein the election assailed was held. This act also provided for the repeal of all laws and parts of laws in conflict therewith, and also that it should go into immediate effect. Manifestly the enactment of April 5, 1911, repealed the law under which Scheuing instituted his contest and under which it was then (April 5, 1911) pending, unless constitutional restraints effected to deny to the lawmakers the power to take from a pending contest the legal basis for its existence or continuance.

Contests of election are proceedings of purely statutory creation. They do not otherwise exist.—*Black v. Pate*, 130 Ala. 514, 526, 30 South. 434; Paine on Elections, § 793; *Moulton v. Reid*, 54 Ala. 320, 326. The lawmakers, unless the Constitution otherwise requires, possess the complete discretion to authorize contests of elections; and, if so authorizing them, to prescribe the jurisdiction, methods, and means therefor.—Author, supra.

No one has a vested right in any particular remedy. The repeal of a statute providing a remedy, while proceedings are pending thereunder, will determine the pending proceedings, unless the Legislature otherwise provide.—Cooley's Const. Lim. (7th Ed.) pp. 515, 516. If there is no contract involved, no vested right, one Legislature's action cannot bind another.—*Gilleland v. Schuyler*, 9 Kan. 569, 580; Cooley, pp. 174, 175.

The right to contest an election is not, in itself, a vested right.—*Gilleland v. Schuyler, supra.* In this case it was pointedly ruled that, pending an election contest, the Legislature might validly repeal the law authorizing it, and thereby and then terminate the litigation.

Section 95 of the Constitution of 1901 reads: "There can be no law of this state impairing the obligation of contracts by destroying or impairing the remedy for their enforcement; and the Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state. *After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit.*"

It is contended that, if the act of April 5, 1911, is interpreted or given effect to terminate the then pending contest of the sheriff's election in Cullman county, the result would be to render the act constitutionally invalid in that respect for that it would conflict with the last clause (italicized) of that section. It is insisted that the contest of an election is a *cause of action* within the meaning and effect of that clause of the organic law.

There is a clear distinction between a *cause of action* and the *remedy* for its enforcement. The former arises, comes into existence, when there is an invasion of a legal right without justification or sufficient excuse. Ac-

tion is one thing; *cause* or *right* of action quite another. The *action* is the *means* of redress of the legal wrong described by the words *cause of action*. The *cause of action* precedes and affords the right to the remedy by such *action* as the laws furnish. This idea, obviously sound, may be found excellently, lucidly stated in *Emory v. Hazard Powder .Co.,* 22 S. C. 476, 53 Am. Rep. 730, 732. The, perhaps at times, incautious use by judicial writers of terms indicative of failure to note the important distinction between the *right* and the *remedy* has invited some confusion which might otherwise have been avoided. *Action* or *suit* is "a civil proceeding taken in a court of law to enforce a right;" or "the lawful demand of one's rights;" or "the means by which men litigate with each other."—*Wynn v. Tallapoosa County Bank,* 168 Ala. 491, 53 South. 237. The distinction pointed out was taken by the makers of the organic law when, in the clause italicized, they juxtaposed, in a sense, the terms *"suit* commenced" and *"cause of action* existing."

In *Shields v. Davis,* 103 Tenn. 538, 53 S. W. 948, the inquiry was one of statutory construction. The proceeding was the contest of the election of a sheriff. It was provided in the statute that the chancery court "shall have and exercise concurrent jurisdiction with the circuit court of *all civil causes of action* (italics supplied) triable in the circuit court," with exceptions not now important. The Supreme Court ruled that the contest of the sheriff's election was not a proceeding within the italicized terms of the statute, was not a cause of that nature; and hence dismissed the bill whereby the contest was sought to be effected in the chancery court. This ruling was approved in *Baker v. Mitchell,* 105 Tenn. 610, 59 S. W. 137.

The *cause of action,* against the *taking away* of which by the Legislature section 95 of the Constitution pro-

vides, necessarily comprehends only causes of action
arising out of the violation of vested legal rights of
some description. A public office, in this state, is a
"personal public trust, created for the benefit of the
state," and "has in it no element of property."—*Ex
parte Lambert,* 52 Ala. 79, 82; *Lovejoy v. Beeson,* 121
Ala. 605, 25 South. 599. The provision of the organic
law for the protection of the right of trial by jury does
not require determination by a jury of the asserted
right to public office.—*Moulton v. Reid,* 54 Ala. 320.
The Legislature may prescribe a trial of the issue by a
jury, but there is no compulsion to that end. In *Love-
joy v. Beeson,* the question was whether an healing act,
passed pending the contest of the election of a probate
judge, "disturbed vested rights" in that it ratified and
confirmed the election then being contested against ir-
irregularities attending it. The court, through DOWDELL,
J., said: "We think it a clear proposition that the act
does not in any manner interfere with vested rights.
The office of probate judge is a public office created for
governmental purposes, and not for the sole benefit of
any single person. * * * For the same reasons, it
may be said it cannot be the subject of contract rights.
Being therefore neither the subject of property or con-
tract rights, the suggestions that the act in question is
an invasion of vested rights is unsupported by reason or
argument." The court then proceeded to sustain the
statute in its obviously *retroactive* effect, which, it was
ruled, the Legislature might effect in any case where
contract or property rights were not involved. The prin-
ciple applied is well recognized.—*Ex parte Buckley,* 53
Ala. 54; *Courtner v. Etheredge,* 149 Ala. 85, 43 South.
368. A public office itself being without element of
property or vested right, a contest of the result of the
election to select its incumbent can be of no higher dig-

nity. So it was said by Brewer, J., in *Gilleland v. Schuyler, supra*: "The right to contest an election is no vested right. Given by one Legislature, it may be taken away by another. Even the commencement of a contest gives no vested right to complete it. In medias res, a Legislature may intervene, repeal the statute, and terminate the litigation."

Upon these considerations it must be held that the contest, instituted by Scheuing, pending when the act of April, 1911, became effective, was not a *cause of action*, a vested right, within section 95 of the Constitution. That act repealed the law under which the contest was instituted and took away the jurisdiction which, when begun, justified it. The judgment pronounced, in that proceeding, by the judge of probate on October 21, 1911, declaring Scheuing the duly elected sheriff of Cullman county, was wholly void, since the jurisdiction to so adjudge in a contest of an election to that office was then (October 21, 1911) vested alone in the circuit court, and not elsewhere.

The rulings of the court upon the demurrer and in the judgment of ouster of the appellant were well advised, and are affirmed.

Affirmed.

ANDERSON, MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. SIMPSON, J., dissents. DOWDELL, C. J., not sitting.