(84 South. 740)

DUNNING v. HOLCOMBE. (1 Div. 106.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. STATUTES ⚖══125(5) — AMENDMENT RELATING TO JURISDICTION OF CIRCUIT COURT IN ELECTION CONTESTS HELD TO EXPRESS SUBJECT IN TITLE.

Though Code 1907, § 470, deals only with the jurisdiction and procedure of the circuit court in election contests relating to the office of the probate judge, the subject dealt with is the court's jurisdiction of election contests and procedure therein, as is evidenced by sections 469 and 471, dealing with jurisdiction of the chancery and probate courts in election contests and procedure, and hence Laws 1911, p. 195, entitled "An act to amend section 470 of the Code of 1907," giving the circuit court jurisdiction of contests as to the office of sheriff and repealing conflicting laws, dealt with the subject of section 470 and clearly expressed such subject in its title, as required by Const. 1901, § 45, and so deprived the probate court of its jurisdiction under section 471.

2. STATUTES ⚖══109 — WHERE SUBJECT OF AMENDMENT IS GERMANE TO SUBJECT OF ORIGINAL IT IS VALID; OTHERWISE, IF FOREIGN THERETO.

Where the provisions of an amendatory act are germane and cognate to the subject dealt with in the original statute, the amendatory act is not offensive to Const. 1901, § 45, requiring the subject to be clearly expressed in the title; but it is otherwise if they are not germane but foreign thereto.

3. APPEAL AND ERROR ⚖══782—APPEAL FROM PROCEEDING IN COURT WHOSE JURISDICTION HAS BEEN REPEALED, VOID.

Contest proceedings for the office of sheriff brought in the probate court, under Code 1907, § 471, which was repealed by Laws 1911, p. 195, giving the circuit court exclusive jurisdiction in such matters, are coram non judice and void, and the only order that can be entered upon contestant's appeal therefrom is one of dismissal.

Appeal from Probate Court, Mobile County; Price Williams, Judge.

Contest by Godfrey B. Dunning of the election of William H. Holcombe, Jr., as Sheriff of Mobile County. From adverse rulings on the evidence resulting in contestant's taking a nonsuit, he appeals. Appeal dismissed.

Roach & McConnell, of Mobile, for appellant. The probate court had jurisdiction,

as the amendatory act had no reference to section 471, Code 1907, and to hold that the act amended that section would render it violative of section 45, Const. 1901. 109 Ala. 372, 19 South. 412; 107 Ala. 372, 18 South. 157; 92 Ala. 99, 9 South. 225; 187 Ala. 655, 65 South. 1028; 20 Cyc. 1187. This question is not raised by the record, we submit it to the court. 62 Ala. 203. We also call the court's attention to 177 Ala. 162, 59 South. 160. Counsel discuss assignments of error on the merits of the appeal presented by the rulings of the court on the trial, but in view of the opinion it is not deemed necessary to here set them out.

Stevens, McCorvey & McLeod, of Mobile, for appellee. Counsel insists that the probate court was the proper tribunal to hear and determine the contest, and request that the appeal be not dismissed on the want of jurisdiction in the probate court, and cite the authorities cited in the appellant's brief. They discuss the assignments of error on submission on the merits, but in view of the opinion it is not deemed necessary to here set them out.

BROWN, J. The appellant, alleging that he was a qualified elector of the county of Mobile, filed in the probate court of that county a declaration contesting the election of appellee to the office of sheriff of the county, and because of the adverse rulings of the court, excluding certain evidence adduced to prove that appellant was such qualified elector, he took a nonsuit with bill of exceptions, and by this appeal seeks to review the rulings of the court excluding this evidence.

It appears that the contest of election was filed in the probate court under the authority of section 471 of the Code of 1907, and that long before its filing the Legislature, by an act approved April 5, 1911, conferred jurisdiction for the trial of such contests on the circuit courts of the state, and by express provisions repealed all laws in conflict with the act. Acts 1911, p. 195.

This act was before this court in Scheuing v. State ex rel. Attorney General, 177 Ala. 162, 59 South. 160. The result in that case depended upon the determination of the constitutionality of the amendatory act, and its efficacy to deprive the probate court of jurisdiction of an election contest pending at the time of the passage and approval of the act.

[1] It is now insisted that the act, the title of which is "An act to amend section 470 of the Code of 1907," violates section 45 of the Constitution, in that the subject of the act is not clearly expressed in the title—a question not dealt with in the Scheuing Case—resting this contention on the argument that section

470 of the Code, in conferring jurisdiction on the circuit court in election contest cases, deals only with contests relating to the office of probate judge, and there is nothing in the title of the act which suggests that the act proposes to deal with contests relating to the office of sheriff, or other officers than that of probate judge.

This contention, we apprehend, is founded upon a misconception of the scope and purpose of section 470 of the Code of 1907, and the major subject dealt with therein—the jurisdiction of the circuit court in matters of election contests and the procedure therein. That this is the major subject of that section is emphasized by the fact that the preceding section of the same chapter deals with the jurisdiction of the chancery court in such matters, and the succeeding section deals with the jurisdiction of the probate court. Therefore the title of the amendatory act was sufficient to put the members of the Legislature on notice that this act proposed to deal with this subject; and the provisions of the amendatory act, dealing with restricting or enlarging and extending the jurisdiction of the circuit court in matters of election contests, are germane and cognate to the subject of the original statute, and in no way offensive to section 45 of the Constitution of 1901. Ex parte Cowert, 92 Ala. 94, 9 South. 225; Ferguson v. Commissioners' Court of Jefferson County, 187 Ala. 645, 65 South. 1028; Randolph v. Builders, etc., Co., 106 Ala. 501, 17 South. 721.

It cannot be doubted that by an original act entitled "An act to define the jurisdiction of the circuit court in matters of election contests, and to prescribe and regulate the procedure therein," the Legislature could have, without impinging on this provision of the Constitution, embodied all the provisions of this amendatory act and more. Ballentyne v. Wickersham, 75 Ala. 533.

The title to the original act dealt with in Harper v. State, 109 Ala. 28, 19 South. 857, was "An act to regulate the trial of misdemeanors in Shelby county, Alabama" (Acts 1890–91, p. 580); and the General Assembly undertook by the amendatory act of 1895 (Acts 1894–95, p. 1088) to ingraft onto this act a provision relating to the trial of felonies of a designated class. It will be noted that the title of the original act, there considered, was very narrow and restrictive and comprehended only misdemeanors. If the General Assembly had incorporated in the original act provisions relating to felonies, it is manifest that such provisions would not have been germane and cognate to the subject, but wholly foreign thereto. Such provisions, being foreign to the title and subject of the original act, therefore could not be ingrafted onto it by an act, the title of which was "An act to amend an act for the trial of misdemeanors in Shelby county, Alabama, approved February 12, 1891;" not because the scope of the act could not be broadened or enlarged, but because the subject of the trial of felonies was not germane to the only subject expressed and dealt with in the original act. Harper v. State, supra; Ex parte Cowert, supra.

[2] Therefore it would seem the true test is, when the provisions of the amendatory act are germane and cognate to the subject dealt with in the original statute, the amendatory act is not offensive to the provisions of section 45 of the Constitution; but where the provisions of the amendatory act are not germane but are foreign to the subject of the original law, the amendatory act is offensive to section 45 of the Constitution. Applying this test, the act approved April 5, 1911, is a valid enactment, and its effect was to confer jurisdiction on the circuit court to try and determine contests of elections for the office of sheriff and to repeal section 471 of the Code of 1907, thereby depriving the probate court of jurisdiction. Scheuing v. State ex rel. Attorney General, supra.

[3] The proceedings and judgment of the probate court from which the appeal is taken are therefore coram non judice, and void; and the only order that can be entered here is one dismissing the appeal. Adams v. Wright, 129 Ala. 305, 30 South. 574; Gunter v. Mason, 125 Ala. 644, 27 South. 843; Baggett v. Mason, 145 Ala. 664, 39 South. 728; Hall & Brown Co. v. Haley Furniture & Mfg. Co., 174 Ala. 190, 56 South. 726, L. R. A. 1918B, 1924; Porter & Co. v. Godfrey, 14 Ala. App. 566, 70 South. 204.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.