# Richardson, *et al. v.* McCreary & Co.

*Contest of Claim of Exemptions.*

(Decided Nov. 12, 1908. 48 South. 341. Rehearing denied Jan. 14, 1909.)

1. *Exemptions; Torts.*—As against actions founded on tort and execution from judgment thereon, there is no exemption.

2. *Action; Nature; Contract or Tort.*—An action to recover for the removal of timber from the mortgaged premises by the purchaser, pending disaffirmance of the mortgage sale and redemption thereunder, is ex contractu and not ex delicto.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Contest of claim of exemptions between Jesse Richardson and others and McCreary & Co. From a judgment overruling the claim of exemptions, said Richardson appeals. Reversed and rendered.

McCreary & Co., sued Jesse Richardson and other in the following action: (1) Money had and received. (2) Same. (3) "Plaintiff claims of defendant $515, for, to wit, 515 trees cut or caused to be cut by defend-

5—8

ants on the following lands, during the years 1902 and 1903: (Here follows description of the land.) And plaintiff avers that said trees have been sold by defendant, and that defendants had no right to cut or cause to be cut said trees, and defendants had no right to sell said trees; that said trees et aequo et bono belonged to plaintiff, and plaintiff sues to recover the value." The fourth count sets up that McCreary & Co., purchased the land particularly described in count 3 at a mortgage sale, and that the land was sold to McCreary under a mortgage given by Allen Richardson and wife to one De Loach; that De Loach is dead, and Wiggins, his administrator, foreclosed the mortgage; that after execution of said mortgage, but before its foreclosure, Allen Richardson and wife died, and that Jesse Richardson and others are the heirs of Allen Richardson; that Jesse Richardson and the others redeemed said land from McCreary & Co., on or about the 4th of August, 1902, but that before the redemption, and after the purchase by McCreary & Co., of the lands, on January 7, 1902, the redemptioners cut or caused to be cut the trees for which suit is brought. The trial court held the action under the third and fourth counts ex delicto, and disallowed the claim of exemptions.

J. N. & J. B. MILLER, for appellant. The case was tried on the 1st and 2nd counts alone, the common counts, and ex contractu. The measure of recovery sought may be looked to as determining the form of action.—*Rodgers v. Brooks,* 99 Ala. 31, but is never looked to unless it is uncertain what the form of action is from the facts averred. The action was ex contractu when referred to the complaint.—*McDaniel v. Johnson,* 110 Ala. 526; *Shook v. Blount,* 67 Ala. 301; *Shepherd v. Furniss,* 99 Ala. 760; 18 Cyc. 1389.

C. J. Torrey, McClellan & McDuffie, and Barnett & Bugg, for appellee. Counsel insist that the action is in tort and that no claim of exemptions could be allowed. They cite.—*Northern v. Hamner,* 121 Ala. 587; 12 A. & E. Ency of Law, 183; 133 Ala. 393; 64 Ala. 299; 146 Ala. 610; 146 Ala. 463; 64 Ala. 1; 87 Ala. 645; 122 Ala. 666; 133 Ala. 393.

McCLELLAN, J.—This contest of claim of exemptions under Code 1896, § 2046, was in fact and on the merits tried and determined upon the sole issue, viz., whether the original action, in consequence of which the execution against appellants was issued, was ex delicto or ex contractu, and, if the former, no exemptions could, of course, be allowed. A consideration of the original and amended complaint demonstrates, we think, that the action was not ex delicto, but ex contractu; the cause thereof being, as averred, the removal, pending disaffirmance of the sale and redemption thereunder, of timber from the mortgaged premises by the purchaser. If tortious consequences may infect the conduct of one so related to and in possession of real estate, a question unnecessary to be decided, the pleader in this instance clearly elected to waive it, and to attempt to hold the defendants for a liability to satisfy the redemptioner for the waste (if so) committed by the defendants.

The judgment is therefore reversed, and, the trial being without jury, a judgment will be here rendered sustaining the claim of exemptions as against this demand, upon the ground stated and controlling the decision below.

Reversed and rendered.

Tyson, C. J., and Dowdell and Anderson, JJ., concur.