[State ex rel. City of Birmingham v. Miller, County Treasurer.]

# State ex rel City of Birmingham *v.* Miller, County Treasurer.

*Mandamus.*

(Decided Jan. 14, 1909. 48 South. 496.)

1. *Statutes; Titles; Subjects Embraced.*—Section 120, Municipal Code Act (Gen. Acts 1907, p. 790) is void and inoperative, because not expressed in the title of the act. The act relates to the organization, control and government of municipalities, while the provisions of section 120 thereof relate solely to the duties and powers of Boards of Revenue and Commissioners courts, rendering said section violative of section 45, Constitution of 1901.

2. *Statutes; Effect of Incorporation in Code; Passage after Adoption of Code.*—Although a statute is incorporated after its passage into the Code before the same is printed, if its adoption as a statute following after the act adopting the code, the fact of its adoption into the code does not impart validity to it, if otherwise invalid.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Mandamus by the city of Birmingham on the relation of the state against H. C. Miller, Treasurer of Jefferson county to require him as such treasurer to pay to the authorized officers of the city of Birmingham out of the funds of the county raised for that purpose, the city's portion of the special road and bridge tax. From a judgment denying the writ relators appeal. Affirmed.

A. G. & E. D. SMITH, for appellant. The legislature has complete power over the direction of county funds, and it is not necessary that a special act for the appropriation of such county funds be passed.—*State v. Street,* 117 Ala. 203. It has plenary powers over highways.—*Jackson v. Bir. Found. & Mach. Co.,* 45 South. 661. A road is a necessity to a municipal government. —*Perry v. N. O. M. & Company,* 55 Ala. 413. A bridge

is an essential part of a road or street.—*State v. Street,* 117 Ala. supra. Therefore, all necessary legislation as to roads and bridges is included in a municipal charter.

Where legislative authority is given, a county may build a highway in the city.—Elliot on Roads & Streets, Chapter XX; *Wells v. McLaughlin,* 17 Ohio, 99; *Lewis v. Laylin,* 46 Ohio State, 663; *Baldwin v. Greene,* 10 Mo. 410; *Norwich v. Story,* 25 Conn. 44; *Bennington v. Smith,* 29 Vermont, 254. The building or maintenance of roads and streets being a necessity to a municipality, or municipal govenrment, all provisions with relation thereto are pertinent and gremane to the title of the Municipal Code of Alabama.—*Ballentyne v. Wickersham,* 75 Ala. 533; *State v. Crook,* 126 Ala. 614; *State v. Rogers,* 107 Ala. 444; *Judgson v. Bessemer,* 87 Ala. 240; *Blakey v. City Council,* 144 Ala. 481; *A. G. S. R. R. Co. v. Reed,* 124 Ala. 253; *Jackson v. State,* 136 Ala. 96; *Montgomery v. Troy,* 48 Ala. 58. The narrow view contended for by the counsel for appellee is similar to the views heretofore considered by the court and rejected.—*Williams v. Griffin,* 132 Ala. 47.

H. C. SELHEIMER, and N. L. MILLER, for appellee. Sec. 120, of the Municipal Code Act, is unconstitutional and void, since its subject matter is not expressed or even intimated in the title.—*Woolf v. Taylor,* 98 Ala. 254; *Sanders v. County Commrs.,* 117 Ala. 546; *Wheeler County v. State ex rel Clements,* 102 N. W. 773. The validity of the section cannot be aided by the fact that it has been incorporated in the new Code.—*Builders & Painters Sup. Co. v. Lucas,* 119 Ala. 202; *Bluthenthal & Bickert v. Trager & Co.,* 131 Ala. 640. A street in an incorporated city or town is not in any sense a county highway, and the county has no control over it.—*McCain v. The State,* 62 Ala. 138; *Garland v. Bd. of Rev.,* 87 Ala. 227.

DENSON, J.—This is a proceeding by mandamus to compel the treasurer of Jefferson county to pay two warrants, issued by the board of revenue of the county. in favor of the city of Birmingham. One of the warrants is in the sum of $10,000, with directions on its face that it be paid out of the "ten cents road fund;" and the other in the sum of $5,000, with directions that it be paid out of the "public bridge and building fund." These warrants were issued to the city under the authority of section 120 of the act of the Legislature, generally known as the "Municipal Corporations Act," approved August 13, 1907 (Gen. Laws 1907, p. 847) ; and the city claims the right to have them paid under that section of said act. The treasurer declines to pay the warrants, questioning the validity of section 120 of the act upon constitutional grounds. The title of the act is in this language: "An act to provide for the organization, incorporation, government and regulation of cities and towns, and to define the rights, powers, duties, jurisdiction and authority of such cities and towns and of the officers thereof, and to prescribe penalties for violations of the provisions of this act."

Section 120 reads as follows: "After the adoption of this act, courts of the county commissioners and boards of revenue of the county where there is levied a special road and bridge tax, or either, shall pay over, each year to each municipality therein one-half of the money collected on such road and bridge tax or either, on the property located in such municipality, such sums when paid over to the municipality shall be used exclusively for the purpose of maintaining the streets and bridges in the corporate limits of such municipality. Any money derived from a levy of a special bridge tax not expended by the municipality in maintaining the bridges within it corporate limits, in any year, shall be returned to the board of revenue or court of county commissioners

and credited to the county bridge fund for the purpose of maintaining bridges of the county outside of the corporate limits of such municipality."

The first and principal point made against the section is that the subject-matter thereof is not expressed in the title as required by section 45 of the Constitution of 1901. While it is not contended that it is outside of the competency of the Legislature to dispose of the general funds of the county, nor that the Legislature has no power over the streets and highways of cities and towns, yet it is insisted that a diversion of county funds to municipal purposes would be contrary to the settled policy of the state, and that it cannot be accomplished by a section in an act, masked under a title which gives not the slightest information or a notice of such legislative purpose. Manifestly, the title of the act in judgment relates solely to the organization, government, and regulation of cities and towns, and to the right, duties, and powers of such cities and towns and of the officers thereof; while it is clear that section 120 of the act relates exclusively to the duties of boards of revenue of the counties, and appropriates county revenues, and applies them to city purposes. The history as well as the purpose of section 45 of the Constitution is now too well understood to require extended elucidation here. There was no design in this clause to embarrass legislation by making laws unnecessarily restrictive in their scope and operation, and thus multiplying their number; but the framers of the Constitution meant to put an end to a species of vicious legislation commonly termed "logrolling," and to require, in every case, that the proposed measure shall stand upon its own merits, so that neither the members of the Legislature nor the people may be misled by the title.—*Ballentyne v. Wickersham*, 75 Ala. 533; Cooley's Con. Lim. (7th Ed.) 117.

[State ex rel. City of Birmingham v. Miller, County Treasurer.]

In *Woolf v. Taylor*, 98 Ala. 254, 13 South. 688, it was attempted by mandamus to compel the probate judge of Marengo county to pay over to the city authorities of the city of Demopolis certain moneys collected by him for liquor licenses, as required by an act of the Legislature approved February 7, 1893 (Loc. Laws 1892-93, p. 272). The title of the act was, "An act to amend an act to establish a new charter for the city of Demopolis." Section 26 of the act provided "that all funds arising under the general revenue law of the state for liquor licenses issued to parties carrying on business within the police jurisdiction and limits of said city, shall be paid over by the probate judge of Marengo county to the treasurer of the said city of Demopolis, to be held and used exclusively for the maintenance and support of the public schools in the said Demopolis school district." The judge of probate resisted the payment, on the ground that section 26 was violative of the Constitution. This court sustained the contention, saying: "No one would gather therefrom (the title) any information or suspicion of a purpose to incorporate into the act an entirely new provision, making an appropriation by the state, out of its revenues, to support and maintain the public schools of the city."

The Case of *Sanders v. Elmore County*, 117 Ala. 546, 23 South. 788, involved the validity of an act, the title of which was, "An act to regulate the fine and forfeiture fund of Elmore county, and to better provide for the payment of claims against the same." A certain section of the act, requiring the commissioner's court to appropriate a part of the general fund of the county to the payment of claims against the fine and forfeiture fund, was held void because not expressed in the title of the act.

The case of *Wheeler v. State ex rel., etc.* (Neb.) 102 N. W. 773, referred to in appellee's brief, is a case directly in point. The act involved was entitled, "An act to provide for the incorporation, government, regulation, duties and powers of all cities having more than twenty-five thousand inhabitants." Section 87 of the act (Sess. Laws 1901, p. 294, c. 18) provided that "the treasurer shall pay over on demand to the treasurer of any city all money received by him arising from taxes levied belonging to the city, together with all money collected as a tax on dogs from residents of such corporation for use of the general fund therein, and also all money arising from the levying of a road tax against or upon property in said city, which shall be expended upon the streets and grades in said city." The Supreme Court of Nebraska said of this section of the act: "There is nothing in the title of the act, and nothing in the subject-matter to which it refers, indicative of an intent to legislate with respect to the powers or duties of county officers, or with respect to the administration of moneys or revenues raised by their authority. But this is precisely the thing that section 87 of the charter purports, and the only thing that it attempts to do. In explicit terms it assumes to prescribe the duties of the county treasurer with reference to county funds in his official custody. This can only be done by an act expressing that object in its title." From the foregoing considerations and authorities, there is left in our minds no reasonable doubt that section 120 of the act in judgment is void, as having been passed in violation of section 45 of the Constitution.

The fact that section 120 is embodied in the Code of 1907 as section 1335 imparts to it no validity, for the reason that it became a law after the act adopting the Code was enacted, and did not, therefore, become a part

of the Code as adopted. Therefore the act under consideration must be construed as originally adopted.— *Builders' & Painters' Supply Co. v. Lucas,* 119 Ala. 202, 24 South. 416; *Bluthenthal & Bickart v. Trager & Co.,* 131 Ala. 640, 31 South. 622.

The judgment of the circuit court denying mandamus is affirmed.

Affirmed.

HARALSON, DOWDELL, SIMPSON. and MCCLELLAN, JJ., concur.