152 So. 246

## In re FITE.

### 6 Div. 216.

Supreme Court of Alabama.

June 9, 1933.

Rehearing Denied Oct. 12, 1933.

Rehearing Denied to Bar Commission Dec. 14, 1933.

Mullins, Pointer & Deramus, and J. F. Thompson, all of Birmingham, for appellant.

Jim C. Smith, J. W. Gillon, Jr., W. H. Sadler, Jr., and Frank Bainbridge, all of Birmingham, for appellee.

6

A. H. Carmichael, of Tuscumbia, J. J. Curtin, of New York City, Fleetwood Rice, of Tuscaloosa, Norman Gunn, of Jasper, Richard C. Foster, of Tuscaloosa, R. A. Cooner, of Jasper, Reuben H. Wright, of Tuscaloosa, Coleman D. Shepherd, of Jasper, W. C. Warren, of Tuscaloosa, J. B. Powell, of Jasper, S. H. Sprott, of Tuscaloosa, J. J. Ray, of Jasper, W. T. Searcy, of Tuscaloosa, Still Hunter, of Jasper, R. C. Price, of Tuscaloosa, C. E. Mitchell, J. P. Middleton, and Fred Jones, all of Hamilton, John A. Darden, of Goodwater, M. E. Nettles and Carter Manasco, both of Jasper, Mulkey & Mulkey, of Geneva, L. D. Gray, of Jasper, Frank B. Embry, of Pell City, A. A. Griffith, of Cullman, Griffin & Ford, of Huntsville, C. O. Stokes, of Ozark, J. C. Yarbrough, of Enterprise, and Sollie & Sollie, of Ozark.

Francis Hare, J. K. Taylor, Chas. W. Greer, John W. Altman, David J. Davis, Forney Johnston, Borden Burr, and A. Leo Oberdorfer, all of Birmingham.

THOMAS, Justice.

The prosecution that resulted in a judgment of disbarment against the petitioner-appellant in this cause was for violation of certain rules of the board of commissioners of the state bar association and certain provisions of the statute.

The acts relating to the organization, regulation, and government of the state bar and the granted powers to its board of commissioners are: Gen. Acts 1923, p. 100; Gen. Acts 1923, p. 587; Gen. Acts 1927, p. 79; Gen. Acts 1931, pp. 284, 683; and provisions of codified statutes cited by counsel as applicable, are sections 3308, 3310, 6220–6236, 6243, 6250, subsection (6); 6257, Code of 1923, chapters 79 and 260.

Pertinent provisions of the statute touching the enlarged powers of the board of commissioners or state bar association, and those for review by this court, among other things, are: (1) "In all cases in which the evidence, in the opinion of a majority of the board, justifies such a course, they shall take such disciplinary action by public or private reprimand, suspension from the practice of law," or (2) "exclusion and disbarment therefrom, as the case shall in their judgment warrant, provided that in cases of exclusion and disbarment two-thirds of the board shall vote affirmatively before the exclusion and disbarment become effective but said board shall not have jurisdiction over anything which may have occurred before the 9th day of August, 1923. The supreme court may, and on petition of the party aggrieved must, in any case of suspension or disbarment from practice, review the action of the board, and may, on its own motion, and without the certification of any record, inquire into the merits of the case and take any action agreeable to their judgment. Rules regulating the manner of such review and providing for the certification of the evidence, or if the supreme court desire, the taking of additional evidence shall be promulgated by said board and become effective upon approval by the supreme court. The board of commissioners shall also have power to make rules and by-laws not in conflict with any of the terms of this article concerning the selection and tenure of its officers and committees and their powers and duties, and generally for the control and regulation of the business of the board and of the state bar." Section 6225, Code 1923; Ex parte Von L. Thompson (Ala. Sup.) 152 So. 229;[1] Ex parte Robert G. Messer (Ala. Sup.) 152 So. 244;[2] Ex parte Hugh Walker (Ala. Sup.) 152 So. 246;[3] State Tax Commission v. Bailey & Howard, 179 Ala. 620, 631, 60 So. 913.

There was a motion to quash or suppress depositions taken under provisions of the statutes, which was overruled at the trial by the commission; that action is assigned as error by petitioner-appellant, and decided adversely to his insistence in Ex parte Robert G. Messer, supra. It was there indicated that these provisions of the statute, and those for the taking of testimony, did not violate section 6 of the Constitution. The authorities cited by counsel were considered and discussed by

[1] Post, p. 113.
[2] Post, p. 16.
[3] Post, p. 130.

Mr. Justice Brown, in a like proceeding, and declared to be "only quasi criminal in nature" (State v. Quarles, 158 Ala. 54, 48 So. 499; Thomas v. State ex rel. Stepney, 58 Ala. 365, 368), and to which State ex rel. Attorney General v. Buckley, 54 Ala. 599, held, did not apply. The rules that govern in such matter as to the relevancy of evidence, its admissibility, and the tests thereof are stated in Ex parte Robert G. Messer, supra, and need not be repeated. There was no error in the ruling of the trial commission in overruling the motion.

It is decided, that in such an appeal, some presumptions must be indulged in favor of a fair intent of the trial court and its rulings. McCord v. State ex rel. Allen, 220 Ala. 466, 126 So. 873.

A due procedure by pleading to judgment by the commissioners of the state bar was likewise indicated in Ex parte Von L. Thompson, supra; Ex parte Robert G. Messer, supra, and Ex parte Hugh Walker, supra; and that under the statute as was declared in McCord v. State ex rel. Allen, supra. In the recent cases, and that last cited, proceedings for disbarment of attorneys at law, it was declared that "formal and technical pleadings are not essential," being required only to sufficiently inform the attorney proceeded against that he was charged with the specific conduct indicated as unbecoming to an attorney at law; conduct that unfits him as an officer of the court and to advise and represent clients desiring the aid of an attorney; that it is only required that the particulars of the charge be stated. 6 C. J. page 605, § 69; Id., page 603, § 65. It will not be necessary that we consider, in detail, the demurrer, and grounds thereof, to the specifications that sufficiently informed appellant of the facts and the nature of the several charges made against him in a proceeding that is sui generis in nature. Ex parte Von L. Thompson (Ala. Sup.) 152 So. 229; [1] Thomas v. State ex rel. Stepney, 58 Ala. 365; State v. Quarles, 158 Ala. 54, 48 So. 499. The introduction of evidence showing scienter held competent and material in Ex parte Robert G. Messer, post, p. 16, 152 So. 244.

In this case, as was the observation by Mr. Justice Brown for the court in the Messer Case, supra, "some, if not all of the counts of the complaint, charge the defendant with the fraudulent conversion to his own use, moneys [of the client] coming into his hands as a licensed practicing attorney," and that his acts, as charged, were within the condemnation of the statutes and rules of law provided for the regulation of conduct between an attorney and his client. See Bar Association of City of Boston v. Casey, 211 Mass. 187, 189, 97 N. E. 751, 39 L. R. A. (N. S.) 116, Ann. Cas. 1913A, 1226; Matter of Ulmer, 268 Mass. 373, 167 N. E. 749; McCord v. State ex rel. Allen, 220 Ala. 466, 126 So. 873.

The right of trial by jury in this case has been passed upon by this court adversely to the insistence of appellant-respondent, and the question was covered by an exhaustive opinion by Mr. Justice Knight in Ex parte Von L. Thompson (Ala. Sup.) 152 So. 229, [1] and adhered to in Ex parte Robert G. Messer, post, p. 16, 152 So. 244, and Ex parte Hugh Walker, post, p. 130, 152 So. 246.

It need not be observed, that one having been duly admitted to his profession has a substantial interest and right therein, within the law, to enjoy its emoluments in its contribution to his livelihood, until he voluntarily forfeits or relinquishes that right, by the withdrawal of that permission according to the due process of law, or by physical hindrance. Hardie-Tynes Mfg. Co. v. Cruise, 189 Ala. 66, 66 So. 657; Lehmann v. State Board of Public Accountancy, 208 Ala. 185, 188, 94 So. 94; Wright v. Aldridge, 219 Ala. 632, 123 So. 33; State ex rel. Miller v. Aldridge, 212 Ala. 660, 103 So. 835, 39 A. L. R. 1470. And it is held that this is a valuable property right of which one will not be deprived except by due process of law, and, if necessary, will be protected in that enjoyment under and within the law. Bowen v. Morris, 219 Ala. 691, 123 So. 222; Walker v. Ferguson, 221 Ala. 549, 130 So. 64; Walker v. City of Birmingham, 216 Ala. 206, 112 So. 823.

It is established that the Legislature has the power to delegate to officials, boards, or commissions, of its own creation and appointment, certain governmental powers for the more efficient administration of the law, and as to the recognized matter and person in question and to be affected; subject, however, to clearly expressed or implied constitutional limitations. Lehmann v. State Board of Public Accountancy, supra; Parke v. Bradley, State Treasurer, 204 Ala. 455, 86 So. 28; Railroad Commission v. Ala. North. Ry. Co., 182 Ala. 357, 62 So. 749; Ex parte Samples (Samples v. State), 210 Ala. 544, 98 So. 803; Woco Pep Co. of Montgomery v. City of Montgomery, 213 Ala. 459, 105 So. 214; 27 A. L. R. 1532 note. The insistences of the appellant challenge the constitutionality of the Gen. Acts 1931, p. 284, and to that consideration we will proceed.

The question of disbarring an attorney at law by less than a two-thirds vote of the commission was not urged or considered in the cases heretofore decided. It is, however, here sufficiently insisted upon within our rule (Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158), and is for decision. The act of the commission is challenged in its assertion of the right to render and enter the judgment of

---

[1] Post, p. 113.

disbarment ·and exclusion of this attorney at law from the practice of his profession, upon the ten affirmative votes of the Alabama state bar commission finding him guilty and adjudging his disbarment.

We judicially know, that at the time the judgment which is before us for consideration was rendered, there were twenty-three separate judicial circuits, ·or separate divisions by a county having jurisdiction as such a court (such as Franklin), in the state, and that under the law the board of commissioners of the state bar was composed of twenty-three members and its president, during and to the time of this trial to judgment. The statute providing for the selection of the commissioners is codified as section 6221, Code 1928. It will be further noted that the president of the state bar is ex officio the president of the board of commissioners; that at that time he came from Tuscaloosa county, which, under the statute, gave that circuit and county two commissioners (President McQueen and Judge Harwood); and that the county of Franklin and the eleventh circuit (with the law and equity court and the circuit court) were represented by Mr. Williams. This is important to ascertain a quorum vel non of its membership of twenty-four members, including the president; and the record shows that on the 5th day of August, 1932, the date of the trial, there were fifteen members present, and that on the vote adjudging the appellant-defendant guilty (the president not voting), there were fourteen affirmative votes, the members voting on call for aye and nay votes.

Upon the motion that the accused "be permanently disbarred and excluded from the practice of law," there were ten members who voted aye, three members voting nay, and the president and one commissioner did not vote; and such also was the vote on the adoption of the resolution, which reads: " * * * This Board of Commissioners does now in executive session, at which no one not a member of the Commission is present, reach its ·decision and conclusion that the said Fred Fite is guilty as charged in the complaint herein, and it is hereby adjudged and declared that the said Fred Fite be disbarred and excluded from the practice of law."

To an understanding of what is declared by the Legislature as being a majority of the commission to act, and the required affirmative vote necessary to "take disciplinary action" against ·an attorney, or to disbar and exclude a practicing attorney from the right to practice his profession, we advert to the several statutes and the rules and regulations of the state bar as approved by this court.

The statute in its original form (Gen. Acts 1923, p. 100), approved August 9, 1923, was entitled "An Act To provide for the organization, regulation and government of the State Bar including admissions and disbarments of lawyers," and provided, among other things, the following:

"The Board shall, subject to the approval of the Supreme Court, formulate rules governing the conduct of all persons admitted to practice and shall investigate and pass upon all complaints that may be made concerning the professional conduct of any person who has been or who may hereafter be admitted to the practice of the law, and subject to like approval formulate rules governing the reinstatement of members of the Bar who have been disbarred and pass upon all petitions for re-instatement. * * * In all cases involving suspension, exclusion or disbarment, testimony in reference thereto shall be taken at the Court House of the County of the residence of the party charged, provided the evidence of witnesses residing outside of said county may be taken in the same manner as provided by law for the taking of depositions in civil cases. In all cases in which the evidence, in the opinion of a majority of the Board, justifies such a course, they shall take *such disciplinary action by public or private reprimand*, suspension from the practice of law, *or exclusion and disbarment therefrom*, as the case shall in their judgment warrant, *provided that in case of exclusion and disbarment two-thirds of the Board shall vote affirmatively before the exclusion and disbarment become effective* and provided further that said Board shall not have jurisdiction over anything which may have occurred before the passage of this act. The Supreme Court may, and on petition of the party aggrieved must, in any case of suspension or disbarment from practice, review the action of the Board, and may, on its own motion, and without the certification of any record, inquire into the merits of the case and take any action agreeable to their judgment. Rules regulating the manner of such review and providing for the certification of the evidence, or if the Supreme Court desire, the taking of additional evidence shall be promulgated by' said Board and become effective upon approval by the Supreme Court. The Board of Commissioners shall also have power to *make rules and by-laws not in conflict with any of the terms of this Act* concerning the selection and tenure of its officers and committees and their powers and duties, and generally for the control and regulation of the business of the Board and of the State Bar." (Italics supplied.) Gen. Acts 1923, pp. 102, 103, § 6.

This court takes judicial knowledge of the fact that it has been called upon but once, as indicated above, to approve rules, and pursuant to the authority of this act the board formulated rules and regulations that were presented to be approved by this court on April 8, 1924. And by such approved rules there was provided a method of procedure (aside from that applied as the Code [McCord

v. State ex rel. Allen, 220 Ala. 466, 126 So. 873] that has come to us from antecedent Codes as far back as the Code of 1852) incident to the investigation and passing upon complaints concerning the professional conduct of attorneys in the state; the action of the grievance committee of the state bar to act by a "majority" of that committee; the summoning of witnesses; the giving of required notices; the taking of testimony; the declaration that the "same rules of evidence, and the degree of proof applicable to civil causes shall apply in all cases arising under these rules"; declaring the effect to be given to a certified and authenticated judgment against an attorney; and provided for the taking, transcribing, and filing of testimony and the consideration thereof. Rules and Regulations of the Board of Commissioners of the State Bar, As Approved by the Supreme Court of Alabama, 1924.

It was then provided by the approved rules, made under the foregoing quoted statute, that "after such hearing, the Commission shall, in executive session, at which no one not a member of the commission shall be present, reach its decision and conclusion, which shall be by resolution showing the 'yea' and 'nay' vote, entered upon its records, and shall declare whether the accused be acquitted or shall be publicly or privately reprimanded, or be suspended from the practice, or be disbarred and excluded from the practice, *but no attorney shall be excluded or disbarred or suspended for more than one year unless two-thirds of the total members of this commission shall vote affirmatively therefor, but any accused may be publicly or privately reprimanded or suspended from the practice for not more than a year by a majority vote of the total membership of this commission.*" (Italics supplied.) Rules and Regulations, Board of Commissioners of the State Bar, page 21.

There have been no other rules by the association or state bar that have been approved by the Supreme Court of Alabama. There are, however, other statutes to be considered.

To sustain the action and judgment of the board of commissioners pursuant to the resolution shown to have been adopted in this case, by the affirmative (or aye) vote of ten of its members and negative (or nay) vote of three of its members (the president and one of its members not voting), we have to look elsewhere for statutory authority or law to sustain the action of the commission.

The act of 1923 (Gen. Acts 1923, p. 100) was made to constitute the first twenty sections of chapter 260, article 1, and was codified as sections 6220–6239 of the Code of 1923, by authority of the act of 1923 (Gen. Acts 1923, p. 127) adopting the Code, which last named act, by its sections 2 and 4, provides that:

"Section 2. No Act passed on or after the tenth day of July, 1923 shall be repealed or affected in any manner by the adoption of this Code; *but such general acts amending sections of the Code of 1907, which sections have been or shall be incorporated in this Code, shall be printed in the place of and as such sections.*" (Italics supplied.)

"Section 4. All Acts of the present session of the Legislature, passed on and after July 10th., 1923, which are of a general nature, shall be incorporated in the Code at the appropriate place with reference to its subject-matter, and *become and be published as a part of the Code,* so that every statute of a general nature of this State, in force at the time of the publication of the Code, shall be incorporated therein." (Italics supplied.)

And the act (Gen. Acts 1923, p. 128) "To provide for the publication and distribution of the Code of Alabama," reads in part as follows:

"Section 5. All Acts of the Legislature passed on and after the 10th day of July, 1923, *amending any section of the Code of 1907 shall be substituted in place of the amended section, and becomes a part of the Code.* All other General Acts passed on and after the 10th day of July, 1923, and before the copy is sent to the publishers, *shall be inserted at the proper place according to its subject-matter and printed in the same* type and style of the Code, leaving off its title and enacting clause, and numbering the sections of the Act with the appropriate number in the Code." (Italics supplied.)

"Section 9. * * * And the Code thus printed and published must be received as the law in all courts and in all proceedings before any board, body or officer of this State, *subject to corrections by the original signed manuscript which shall be kept on file in the office of the Secretary of State.*" (Italics supplied.)

And it is declared by the Code, so provided and adopted, that except as specifically provided, "all statutes of a public, general, and permanent nature, *not included in this Code, are repealed.*" Section 11, Code 1923.

The Act of January 31, 1923 (Gen. Acts 1923, pp. 5 and 6), provided for a joint committee to read and revise the manuscript of the Code, and required it to "*codify and incorporate in the manuscript code, all general Acts passed by the legislature* at this session." Gen. Acts 1923, p. 6, § 6. (Italics supplied.)

We shall see that the provisions of the act were required and were codified by authority of law.

And section 9 of the state bar act (Gen. Acts 1923, pages 100, 105, § 9) reads:

"The causes of removal or suspension of attorneys, and methods of proceeding in ref-

erence to such removal or suspension, as now existing, *are hereby declared to be cumulative with the right and power herein given to the Board of Commissioners to reprimand, suspend, exclude or disbar attorneys."* (Italics supplied.)

It had long been the law in disbarment proceedings, that if the attorney sought to be disciplined "plead guilty, or refused to answer the accusation, the court must proceed to judgment of removal, or suspension; if he deny the accusation, the court must immediately, or at such time as it may appoint, proceed to try the same; the accused having a right to demand a trial by jury." Section 756, Code 1852. This section was construed and applied in the case of Withers v. State, 36 Ala. 252, 266.

This statute, so construed, was carried respectively into the subsequent Codes, as section 890 of the Code of 1867; section 808 of the Code of 1876; section 879 of the Code of 1886, and section 605 of the Code of 1896. The act of October 3, 1903 (Acts 1903, p. 348, § 6), amending the Code, contained, among other things not here pertinent, the following:

"Sec. 6.—That Section 605 of said Code be, and the same is hereby amended so as to read as follows: If the accused pleads guilty or fails or refuses to answer the accusation, the court must proceed to judgment of suspension or removal; if he answer the accusation,* the court must immediately, or at such time as it may appoint, proceed to try the same, *either side having the right to demand a trial by jury;* if no jury is demanded, the court in trying the same shall make and file a statement of the facts established by the evidence, and if a jury is demanded the jury must make a special finding of the facts." (Italics supplied.)

The same provision was made by section 3002 of the Code of 1907 under which the decision in Ex parte Peters, 195 Ala. 67, 70 So. 648, was rendered.

The like provision appears in the original or manuscript copy of the Code of 1923, providing for a demand for a trial by jury by "either side having the [that] right to demand a trial by jury." And recourse to that original is provided and for correction of the published Code by section 9 (Gen. Acts 1923, p. 130). It was under this certified manuscript of the Code and authority of law that a jury trial was had in the circuit court in the reported cases of McCord v. State ex rel. Allen, 220 Ala. 466, 126 So. 873, and Ex parte Peters, 195 Ala. 67, 70 So. 648. In Wright v. Aldridge, 219 Ala. 632, 633, 123 So. 33, 34, it was declared of the Peters' decision, that: "What was said there in respect to the power and authority of the circuit court was dictum. Still, if that dictum is sound, it deals with the jurisdiction and pow-

ers of the circuit court, a creature of the Constitution clothed with the general power of administering justice, and on fundamental principles invested with extensive inherent powers. 7 R. C. L. 1033, § 62." This provision for a jury on demand by an attorney being tried for misconduct, as it appears in the original manuscript of the Code, was identical with the provisions of section 3002 of the Code of 1907 and the Acts of 1903, p. 348, § 6. Such omissions and authorized changes from the manuscript copy of the Code on file in the office of the secretary of state, to the Code of 1923 as published, were sought to be cared for by the provisions (to the extent of the specific exceptions enumerated) contained in sections 11 and 12 of the Code of 1923 and the respective Acts for "adoption" (Gen. Acts 1923, p. 127, §§ 2 and 4) and "publication" (Gen. Acts 1923, pp. 128, 129, 130. §§ 5, 7 and 9).

What, then, was the due codification of the subsequent general laws that were required to be made by the code commissioner and to become and be effective as a part of the Code? In the answer, be it remembered that by this substitution, (1) the provisions of the Act of August 9, 1923 (Gen. Acts 1923, p. 100), codified as sections 6220–6239 of the Code of 1923, with the provisions from the Code of 1907 to be indicated, as the general law on the subject, were required to be included in the Code and were given the required expression therein. (2) This was the result of the *express repeal* or limitation of many sections of the Code of 1907, viz., sections 2974, 2976, 2995–3001, 3003–3008; (3) the incorporation in the manuscript copy of the Code of 1923 of section 3002 of the Code of 1907, providing for the right of trial by jury on demand of either party; (4) the *incorporation, as a part of the Code of 1923,* of twenty-two sections from the Code of 1907, sections 2973, 2978–2994, 2977, 3009–3011, with the provisions of the Act of August 9, 1923. (5) Thus two methods of trial of attorneys were created: (a) that by the commission, its agencies, and procedure, and (b) that by the circuit court and its procedure with the right of trial by jury, as was indicated in McCord v. State ex rel. Allen, 220 Ala. 466, 477, 126 So. 873.

In this result, as represented on the subject by the Code of 1923 as published and proclaimed, some of the sections so incorporated were amended, some inserted without change, to wit, section 3002 of the Code of 1907, providing for a jury trial, only appeared in the manuscript copy, and, under McCord v. State ex rel. Allen, supra, was the general expression of the law of the two procedures in the premises. Ex parte Peters, 195 Ala. 67, 70 So. 648.

This codification and adoption of the general law required, accomplished, and adopted by the Act of August 17, 1923 (Gen. Acts

1923, p. 128) and its section 5, providing that "all Acts of the Legislature passed on and after the 10th day of July, 1923, amending any section of the Code of 1907 *shall be substituted in place of the amended section, and becomes a part of the Code,*" and by section 2 of the Act of August 17, 1923 (Gen. Acts 1923, p. 127) declaring that "such general acts amending sections of the Code of 1907, * * * *shall be printed in the place of and as such sections,*" became the law when that result was accomplished by the Governor's proclamation on August 17, 1924, though it be the same, contrary to, or a modification of its progenitor, whichever that may be—the Code of 1907 or the act of 1923; subject, however, to correction by the original manuscript in the office of the secretary of state. Gen. Acts 1923, pp. 128, 130, § 9. That act was passed before the Code was adopted and was required to be codified and become a part of the Code. State ex rel. City of Birmingham v. Miller, County Treas., 158 Ala. 59, 65, 48 So. 496; Gibson v. State, 214 Ala. 38, 106 So. 231; Bluthenthal & Bickert v. Trager & Co. et al., 131 Ala. 639, 31 So. 622. That is, the Code of 1923 supplanted, as indicated, the act of 1923 (Gen. Acts 1923, p. 100) and the context of the Code of 1907. The Code of 1907 and the Act of 1923 no longer existed for the purpose of efficacious amendment by reference and notice required under section 45 of the Constitution. This was not done as affecting section 6225 of the Code of 1923 by the act of 1931 (Gen. Acts 1931, p. 284). (Italics supplied.)

The proper method of amendment was by repeal, by the act of 1931 (Gen. Acts 1931, p. 650), of sections 6240, 6241, 6242, 6244, 6247, 6249, and 6259 of the Code of 1923. That Code has never been so duly amended in the material respects as substituting the majority rule as declared in the act of 1931 (Gen. Acts 1931, p. 286) for that codified as section 6225.

Neither the acts of 1923 (Gen. Acts 1923, pp. 127, 128) for adoption and publication of the Code, nor that of 1931 (Gen. Acts 1931, p. 284) contain any general expression of repeal—"That all laws or parts of laws, whether special, general or local, in conflict with this Act, are hereby repealed." This general clause appears only in the act of 1923 (Gen. Acts 1923, p. 100), and *held not to accomplish* the repeal of the long existing statutory right and procedure in the premises, given expression by the published Code of 1923, sections 6256–6258, and the right of trial by jury in the manuscript copy of the Code of 1923 from section 3002 of the Code of 1907. McCord v. State ex rel. Allen, supra.

The general words employed, as we have set out from the act of 1923 (Gen. Acts 1923, pp. 127, 128), when taken with the mandatory requirements of sections 2 and 4 (page 127), impress one that the Act of August 9, 1923, was required, as amending the Code of 1907, and other material matters of general interest therein to be given a place as a part of the Code so published. It all illustrates the legislative intent in the premises (1) of dealing with guilty attorneys at law (McCord v. State ex rel. Allen, supra); (2) that as so codified was required by law; and (3) that general law could not be amended and repealed by reference alone to the progenitor statute, whether in the Code of 1907 or the Act of 1923 (Gen. Acts 1923, p. 100). That is, amendment of such general law duly codified, published, and proclaimed, must be in strict compliance with the provisions of section 45 of the Constitution.

The result is not different when the scope and purpose of sections 11 and 12 of the Code of 1923 are considered.

■ Laws continued in force and laws repealed by the failure to incorporate the same in the Code are provided for in sections 11 and 12 of the Code of 1923. It is there provided that this Code shall not (1) "affect any existing right, remedy, or defense"; (2) "nor shall it affect any prosecution now commenced, or which shall be hereafter commenced, for any offense already committed." (3) The saving clause of this statute did "not apply to changes in forms of remedy or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil causes." Section 11 then concludes with the declaration that "subject to the foregoing provisions [those contained in section 11] and the following section [section 12], or as may be otherwise provided in this Code, all statutes of a public, general, and permanent nature, not included in this Code, are repealed." There are other provisions that are not here pertinent and need not be recited. The certain acts not enumerated that may be omitted from the Code, may be referred to generally as those relating to the revenue laws, the *departments of education, agriculture, game, and fish*; they are given effect, though omitted from the Code. Gen. Acts 1919, p. 1066, § 14, section 12, Code 1923. And because of the nature and general application throughout the state, the provisions of the act of 1923 (Gen. Acts 1923, p. 100) were properly incorporated in the Code of 1923 as a part thereof.

It is pertinent that we note how the provisions of the act (Gen. Acts 1923, p. 100) so codified as "Chapter 260. Attorneys at Law," page 211, Code of 1923 (*section 6220 et seq.*), have been treated by the legislative department of the state in its subsequent amendments, or by acts original in form, or by amendatory acts. The amendatory act that dealt with sections 6221, 6224, 6239, or the *provisions of sections 2, 5, and 20* of the act of 1923 (Gen. Acts 1923, p. 100) was the act of 1927 (Gen. Acts 1927, p. 79), which, by its

title and body of the act, dealt with the statute as originally enacted and as codified; and by its specific and respective sections, had for its purpose the selection and increase of the personnel of the board of commissioners or organization of the state bar, the meetings of the state bar, etc.; and contained no reference to its authority and powers dealt with in section 6 of the original act which was codified as section 6225 of the Code. The second important amendment of that chapter was by the act of 1927 (Gen. Acts 1927, p. 669), amending section 6248 of the Code (not within the act of 1923), and defining the practice of law. This act was considered in Kendrick v. State, 218 Ala. 277, 120 So. 142; and the Act of 1931 (Acts 1931, page 606) was sustained in Berk v. State ex rel. Thompson, 225 Ala. 324, 142 So. 832.

The General Act of 1931 (Gen. Acts 1931, p. .650) repealed sections 6240, 6241, 6242, 6244, 6247, 6249, and 6259 of the Code, and that subject-matter was not within the act of 1923. Acts 1923, p. 100.

And the act of 1931 (Gen. Acts 1931, p. 683) in its title purports to amend sections 14 and 15 of the act of 1923, "which sections are compiled and arranged as Sections 6233 and 6234, respectively, of the Code of Alabama of 1923." Its provision in lieu of section 15 (section 6234) of the act of 1923, Acts of 1923, p. 106, being:

"Section 15 (6234). *Approval by Court of Rules and Regulations:*—The rules and regulations adopted by the Board of Commissioners *relative to disbarment shall not be effective until approved by the Supreme Court.*" (Italics supplied.)

It will be noted that the change made was to limit the approval of this court to the *rules and regulations* adopted by the commission *"relative to disbarment"* and which *"shall not be effective until approved by the Supreme Court."* (Italics supplied.) The change eliminated the words, "or admission to the Bar." This act (Gen. Acts 1931, p. 683) was approved of date of August 1, 1931. The subject-matter as to *disbarment* was contained in the original Act of 1923 (Gen. Acts 1923, p. 100). Section 6 (section 6225, Code) and section 15 (section 6234, Code); and contained in the Act of June 6, 1931 (Gen. Acts 1931, pp. 284–287), § 6.

It is noted that the Act of 1923, passed before the act of adoption of the Code (Bluthenthal & Bickert v. Trager & Co. et al., 131 Ala. 639, 31 So. 622; State ex rel. City of Birmingham v. Miller, County Treas., 158 Ala. 59, 65, 48 So. 496; Gibson v. State, 214 Ala. 38, 106 So. 231), treated this subject of general importance to the whole state, and was given a place as the first twenty sections of Chapter 260, articles 1, 2, §§ 6220–6262 of the Code of 1923, as a necessary incorporation, under the laws for the codification and adoption of the Code of 1923, and as a material

part of a full, complete and final statement under the subject or title of "Attorneys at Law." Builders' & Painters' Supply Co. v. Lucas & Co., 119 Ala. 202, 24 So. 416; Bales v. State, 63 Ala. 30; Hoover v. State, 59 Ala. 57.

It will be noted that in State ex rel. City of Birmingham v. Miller, County Treas., 158 Ala. 59, 64, 65, 48 So. 496, 498, the question before us is thus stated:

"The fact that section 120 is embodied in the Code of 1907 as section 1335 imparts to it no validity, for the reason that it became a law after the act adopting the Code was enacted, and did not, therefore, become a part of the Code as adopted."

■ It is settled by a line of cases in this jurisdiction, that section 45 of the Constitution is complied with, and sufficient notice is given, by an amending act which refers (1) to an original section of the Code of which the law was a part, or (2) to the original act of the Legislature without referring to subsequent amending *session laws*. Harper v. State, 109 Ala. 28, 19 So. 857. It is significant that the parent case of Wilkinson v. Ketler, 59 Ala. 306, the initial case laying down this latter doctrine, the reference was in fact to the original law *as codified.* We will advert to this decision later. In the second case in which the question was considered, State v. Warford, 84 Ala. 15, 3 So. 911, where the original act was a session law *and not a Code section,* and was amended by reference to the original law without mentioning a subsequent *amending session law,* Justice Somerville questioned the soundness of this extension, and hesitated to give his indorsement thereto as applying merely to an amendment thereof.

The mischief or misunderstanding sought to be prevented by such constitutional requirement (as our section 45, Constitution) is stated in People ex rel. Drake v. Mahaney, 13 Mich. 481, 496, 497. Mr. Justice Cooley said:

" 'No law shall be revised, altered or amended by reference to its title only; but the act revised, and the section or sections of the act altered or amended, shall be re-enacted and published at length.' * * *

"This constitutional provision must receive a reasonable construction, with a view to give it effect. The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effect, and the public, from the difficulty in making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not re-published, was

well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law, and the constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by this provision, and cannot be held to be prohibited by it without violating its plain intent."

The purpose of section 45 of the Constitution as expressed by Judge Cooley (Constitutional Limitations, 181) and approved by Mr. Chief Justice Brickell in Ex parte Thomas, 113 Ala. 1, 4, 21 So. 369, is that amendatory statutes be so enacted that legislators and the public be not deceived in their effort to that end. The quotation in Ex parte Thomas, supra, is:

" 'The mischief designed to be remedied, was the enactment of amendatory statutes in terms so blind that legislators themselves were sometimes deceived in regard to their effects, and the public, from the difficulty of making the necessary examination and comparison, failed to become apprised of the changes made in the laws. An amendatory act which purported only to insert certain words, or to substitute one phrase for another, in an act or section which was only referred to, but not published, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for the express purpose. Endless confusion was thus introduced into the law, and the constitution wisely prohibited such legislation.' Cooley, Const. Lim., 181; People v. Mahaney, 13 Mich. 481, 497. A code or body or system of law, adopted or enacted by a single act of the general assembly, though it may contain inconsistent or repugnant provisions, or one section or part may be modified, and to the extent of the modification, controlled, by another, is not within the letter or spirit of the mandate of the constitution. It is not within the legislative evil it is designed to remove, nor can it be supposed that it was within the contemplation of the framers of the constitution."

The foregoing reason and statement of the rule indicate that the codification of the law, required by the Constitution and statutes providing for that end, *is a publication to the entire state, and advice to all who may be interested in or touched thereby,* until specifically amended as required and as so codified. When reference to *such a codification is omitted* in amending a statute duly codified—the amendment referring only to the act as a previous exposition of the law or enactment thereof, and not to its codification —*the public, the Legislature, and the bar of the state are not given that notice which section 45 of the Constitution requires or was intended to insure.*

In view of the foregoing, the fact that Harper v. State, 109 Ala. 28, 31, 32, 19 So. 857, holding that a law may be amended by reference to an original act without mentioning an intervening amendatory act, can be distinguished from an act that has been codified as required by law, we have noted that the doctrine erroneously applied in the Harper Case had its inception in a case where the original law referred to was a part of the Code. Wilkinson v. Ketler, 59 Ala. 306. Mr. Justice Stone said of the act amending the Code without reference to the later amendatory act:

"We hold that each of the statutes above copied was constitutionally enacted, and that the reference and repealing clause in the act of 1875, to section 2961 of the Revised Code, must be referred to that section, as amended by the act of March 8, 1871; and the result is a repeal of the last named act." Wilkinson v. Ketler, 59 Ala. 310.

This and the quotation from Mr. Chief Justice Brickell in the Thomas Case, supra, indicate that the purpose of section 45 of the Constitution was and is to give notice to the *public,* as well as to the Legislature, and that this notice be given in the *familiar, usual, intelligent, and accessible manner of any subsequent changes in the law.*

It appears that the spirit and intent of section 45 of the Constitution is violated by the amendatory act failing to refer to the law to be repealed or amended as a required part of an existing Code, recognized, adopted, and accepted by *the public, the bar, and the Legislature* as the authoritative expression of the general public laws.

May the writer for himself (and not for the majority) again state that the act in question was not constitutionally enacted. That is, the Act of June 6, 1931 (Gen. Acts 1931, p. 284), amendatory of sections 2, 6, 10, 11, and 21 of the act of 1923, approved August 9, 1923, was passed before the act adopting the Code, August 17, 1923 (Gen. Acts 1923, pp. 127, 128), *and makes no reference to such subject-matter of the sections incorporated in the Code as sections 6221, 6225, 6229, and 6230, Code of 1923, or section 6248 of the Code, as amended by the Act (Gen. Acts 1927, p. 669).* Kendrick v. State, 218 Ala. 277, 120 So. 142. It is to such amendatory Act of 1931 (Gen. Acts 1931, p. 284) that appellees' counsel point as the authority for the judgment of disbarment rendered by ten affirmative or aye votes of the members of the commission present. This was not a proper amendment of the Code and its section 6225 as was required by section 45 of the Constitution. Lindsay v. United States Savings & Loan Association, 120 Ala. 156, 24 So. 171, 42 L. R. A. 783; Ballentyne v. Wickersham, 75 Ala. 533; Board of Revenue v. Jansen, 224 Ala. 240, 139 So. 358; State ex rel. Troy v.

Smith, Auditor, 187 Ala. 411, 65 So. 942; Kendrick v. State, supra; Dunning v. Holcombe, 203 Ala. 546, 84 So. 740; Pillans v. Hancock, 203 Ala. 570, 84 So. 757; 59 C. J. page 850.

The question of a majority of courts has been an interesting one. Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308. In the instant acts, we must find the definition of the legislative expressions, *"a majority of the Board shall constitute a quorum,"* and *"the majority of those present (if a quorum be present) shall be empowered to act as and for the entire Board."* (Italics supplied.) Gen. Acts of 1931, pp. 284, 286, § 6.

In this case the record shows that a quorum of bar commissioners was present, and that the vote of disbarment was by a majority of that quorum present of the whole membership of the commission.

■ If this was a valid enactment amending only the original act and not the corresponding sections of the Code, it amended the former statute (section 6225, Code) as to the two-thirds rule approved by this court on April 8, 1924, and substituted the majority rule of section 6 of the act of 1931 (Gen. Acts 1931, p. 286).

The Legislature has the right and power to make the rule by its declaration thereof, that the "majority of those present (if a quorum be present) shall be empowered to act as and for the entire Board." That is to say, if the statute and rule approved by this court were properly changed, by the amendatory statute (Gen. Acts, 1931, p. 284), it was of a matter that was procedural merely, and not violative of a substantive right as affecting this defendant. Miller-Brent Lumber Co. v. State, 210 Ala. 30, 33, 97 So. 97. It need hardly be observed, that in a matter of procedure, the legislative procedure prescribed would prima facie apply to all actions accrued, or pending, or to accrue in future. Ex parte Alabama Mach. & Sup. Co. (Dickson v. Ala. Mach. & Sup. Co.), 206 Ala. 698, 89 So. 922. We will later advert to this insistence.

If the act of 1923 (Gen. Acts 1923, p. 100) was superseded by its incorporation in the Code, as we have indicated, then the act of 1931 (Gen. Acts 1931, p. 284), amendatory of that act and not of its form and substance as codified, would not be effective. If this result is to be escaped, it is by the saving provisions of the act of 1923 (Gen. Acts 1923, p. 127) adopting the Code and which we have set out above, and its sections 2 and 4, giving the act a place in the Code. Authorities bearing some analogy are: McCord v. State ex rel. Allen, 220 Ala. 466, 467, 126 So. 873; Merchants' Bank v. Sherman, 215 Ala. 370, 110 So. 805; Bachelor v. State, 216 Ala. 356, 113 So.

67; City of Birmingham v. Louisville & N. R. Co., 216 Ala. 178, 112 So. 742; State v. Acacia Mutual Life Ass'n, 214 Ala. 628, 108 So. 756; Board of School Com'rs of Mobile County v. American Surety Co. of N. Y., 220 Ala. 458, 125 So. 906; City of Montgomery v. American Railway Express Co., 219 Ala. 476, 122 So. 639.

It is the opinion of the court, that the amendatory act of 1931 of certain sections of the act of 1923 (section 6 thereof codified as section 6225 of the Code of 1923), was properly enacted into law, though not referring in its title or body to the sections as they were set out in the Code, and not subject to the constitutional objection indicated in the brief of appellant's counsel. Section 45 of the Constitution. It follows: (1) that the act of 1923 was properly inserted in the Code as a part of its due codification as an important part of the general laws; (2) that the act was not repealed by its codification as sections 6220–6239 of that Code; (3) that the notice required by section 45 of the Constitution was carried by the title employed and by the same substance in the body of the act of 1931 of the amendment of certain sections of the act of 1923, viz., sections 2, 6, 10, 11, and 21, and their corresponding sections in the Code, though there was no reference in such amendatory Act of 1931 as affecting the corresponding sections (sections 6221, 6225, 6229) of the Code so amended.

As indicated, of this construction I am doubtful, since the duty to fully inform of the purpose of the amendatory act as affecting the act of 1923 (Gen. Acts 1923, p. 100) and its due codification, was required by the Constitution. Section 45, Const. This material requirement was recognized by the Legislature in other amendments of the act and Code, as has been indicated. I therefore dissent on this point. See Jefferson County v. Busby (Ala. Sup.) 148 So. 411,[1] Id. (Ala. App.) 148 So. 415,[2] for authorities. Williams, Judge, v. Schwarz, 197 Ala. 40, 72 So. 330, Ann. Cas. 1918D, 869; State v. Birmingham Southern Ry. Co., 182 Ala. 492, 62 So. 77, Ann. Cas. 1915D, 436. The other justices agree the act of 1931 (Gen. Acts 1931, p. 284) amendatory of the act of 1923 (Gen. Acts 1923, p. 100) was properly enacted.

Considering the insistences of unconstitutionality of the acts as presented, it is insisted that the title of the act of 1923 (Gen. Acts 1923, p. 100), "To provide for the organization, regulation and government of the State Bar including admissions and disbarments of lawyers," was not within the rule and construction of section 45 of the Constitution which have long prevailed in this state. Ballentyne v. Wickersham, 75 Ala. 533; Kendrick v. State, 218 Ala. 277, 120 So. 142; Lindsay v. United States Savings & Loan Ass'n,

---

[1] 226 Ala. 293.

[2] 25 Ala. App. 449.

120 Ala. 156, 24 So. 171, 42 L. R. A. 783; Board of Revenue v. Jansen, 224 Ala. 240, 139 So. 358; State ex rel. Troy v. Smith, Auditor, 187 Ala. 411, 65 So. 942; Dunning v. Holcombe, 203 Ala. 546, 84 So. 740; Pillans v. Hancock, 203 Ala. 570, 572, 84 So. 757; State ex rel. City of Birmingham v. Miller, County Treas., 158 Ala. 59, 65, 48 So. 496. That is, that the title did not inform that the Legislature was dealing with the inherent power of the circuit court, its jurisdiction over that subject-matter and personal rights affected in the right of a trial by jury on demand of the parties at interest.

By the provisions of the act of 1923, there was introduced into the general law on the subject—the provisions from the Code of 1907 and that act and its adoption as a part of the Code—a two-fold procedure for *"disbarment of lawyers"*: (1) That initiated by affidavit and in the name of the state to proceed in the circuit court without or on demand with a jury [McCord v. State ex rel. Allen, 220 Ala. 466, 126 So. 873; Ex parte Peters, 195 Ala. 67, 70 So. 648; Withers v. State, 36 Ala. 252]; and (2) that initiated without affidavit before the bar commission under its approved rule within the statutes without a trial by jury and by two-thirds majority of the board voting affirmatively. Gen. Acts 1923, pp. 102, 103, § 6. The generality of the title employed informed the Legislature and the profession under the Constitution, that the Legislature had the right to delegate this cumulative right and power to the board of the bar commission in causes of removal or suspension of attorneys at law (section 9, Gen. Acts 1923, p. 105), and that in so enacting, no provision of organic law was violated, and being enacted before the adoption of the Code, was properly inserted as a part thereof. Builders' & Painters' Supply Co. v. Lucas & Co., 119 Ala. 202, 24 So. 416; State ex rel. City of Birmingham v. Miller, County Treasurer, 158 Ala. 65, 48 So. 496.

It is then insisted that the right and power of the bar commission to act in this matter was dependent upon its adoption and approval by this court of reasonable rules. Has, then, the delegated power to make and approve rules contained in the earlier statute, and under which the bar commission and this court acted (and likewise contained in the last expression of the legislative will on disbarment, Gen. Acts 1931, p. 684, § 15), been modified by the other succeeding portions of section 6 of the act of 1931 (Gen. Acts 1931, p. 284)?

The pertinent provisions of the General Act of 1931 (Gen. Acts 1931, pages 284 -286) are:

### "An Act

"To amend Sections 2, 6, 10, 11 and 21 of An Act Entitled, 'An Act To Provide For The Organization, Regulation and Government Of The State Bar Including Admissions and Disbarments of Lawyers,' Approved August 9, 1923. * * *

"The Board of Commissioners shall have power: * * * (c) Subject to the approval of the Supreme Court, to formulate rules governing the conduct of all persons admitted to practice, and to investigate, or cause to be investigated, and to pass upon, all complaints that may be made concerning the professional conduct of any person who has been, or may hereafter be, admitted to the practice of the law. (d) Subject to the approval of the Supreme Court, to formulate rules governing the re-instatement of members of the Bar who have been disbarred, and to pass upon all petitions for re-instatement. * * * A *majority of the Board shall constitute a quorum* and the majority of those present (if a quorum be present) shall be empowered to act as and for the entire Board. The Supreme Court may, and on petition of the party aggrieved must, in any case of suspension or disbarment from practice, review the action of the Board, and may, on its own motion, and without the certification of any record, inquire into the merits of the case and take any action agreeable to their judgment." (Italics supplied.) Section 6.

These provisions of the enactment, considered in pari materia with the express legislative declaration immediately thereafter contained in the same section of the act, are made subject to the statement that "a majority of the Board shall constitute a quorum and the majority of those present * * * shall be empowered to act as and for the entire Board." This is the last declaration of the legislative will and intent on the subject, that can be given no other effect than the repeal of the former statute and rule that required a "two-thirds of the total members of this commission who shall vote affirmatively" for the disbarment of an attorney. Bishop v. State, 30 Ala. 34.

It is true, that many of the specifications are based on conduct or acts done before or during the year of 1930. The act declaring that the majority of a quorum of the board present may "act as and for the entire Board," was dealing with procedure, as we have heretofore indicated [Ex parte Alabama Mach. & Supply Co., (Dickson v. Alabama Mach. & Supply Co.), 206 Ala. 698, 89 So. 922; Miller-Brent Lumber Co. v. State, 210 Ala. 30, 97 So. 97; Grand International Brotherhood of Locomotive Engineers v. Green, 210 Ala. 496, 98 So. 569], and did not deprive of a material, substantial, or substantive right, within the interdiction of established law [Scheuing v. State ex rel. Attorney General, 177 Ala. 162, 59 So. 160; Louisville & Nashville R. R. Co. v. Street, 164 Ala. 155, 51 So. 306, 20 Ann. Cas. 877; Esdale v. Baxter, 219

16

Ala. 256, 122 So. 12; Woodlawn Realty & Development Co. v. Hawkins et al., 186 Ala. 234, 65 So. 183; Coosa River Steamboat Co. v. Barclay & Henderson, 30 Ala. 120].

The voluminous record and evidence and briefs cover several transactions. They have been carefully examined, and we are of the opinion that the accused attorney, under that evidence, was guilty within the controverted issues charged and tried, and was properly so adjudged. That is, the conclusion announced and the judgment rendered by the bar commission are sustained by the record and evidence under the laws that obtain. We believe no good purpose would be served by a detailed discussion of the particular transactions presented. Some of them are conclusive within the rule of scienter and of the burden of proof. Ex parte Robert G. Messer, post, p. 16, 152 So. 244.

The judgment of the bar commission is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

THOMAS, J., dissents on the point indicated.

BROWN, J., dissents on grounds stated by him in Ex parte Von L. Thompson, post, p. 113, 152 So. 229.

On Rehearing.

PER CURIAM.

On further consideration the court is of opinion that a sentence of suspension of the appellant from the practice of the profession for eighteen months, beginning on October 12, 1933, and ending April 12, 1935, is adequate punishment to be imposed in this case.

The judgment of the bar commission is, therefore, modified so as to suspend and restrain the appellant from the practice of law, as above indicated.

Judgment modified; application overruled.

All the Justices concur.

On Application for Rehearing by State Bar Commission.

PER CURIAM.

The judgment in this case is modified in accordance with the opinion of the court in Ex parte Von L. Thompson, post, p. 113, 152 So. 229, rendered on consideration of the application for rehearing by the state bar commission.

All the Justices concur.